THOMAS A. PARSONS and WIFE et al., plaintiffs in error, vs. JAMES V. JONES and HENRY W. JONES, trustees, defendants in error.

A testator appointed two of his sons, trustees of certain property including a number of negroes, for his daughter, a married woman, for her life, with remainder to her children. All of this property, except one old negro woman, the trustees turned over to the daughter and her husband, according to the trust. The old woman was almost worthless from age. Her relations belonged to one of the trustees, and he retained her, merely that she might be with them, doing so, however, against the wishes of the daughter and her husband, between whom and himself and the other trustees, there had grown up an estrangement amounting to social non-intercourse. The daughter and husband asked, by bill, that the trustees might be removed. The Court charged the jury that these causes were not sufficient to authorize an order of removal.

*Held*, That the charge was right.

In Equity, in Burke Superior Court.    Tried before Judge HOLT, at October Term, 1858.

The bill in this case was filed by Thomas A. Parsons and his wife Malvina, and their two infant sons, Thomas Henry and James William Parsons, by their father, as next friend, against James V. Jones and Henry W. Jones, trustees of said Malvina and her children, the said infant complainants.

The object of the bill was to remove defendants from their trusteeship, created by the last will and testament of Henry P. Jones, deceased, and to have some other person appointed in their place.

The bill alleges, that, by the said will, and life estate, worth about eighty thousand dollars, was devised and bequeathed to said Malvina for her sole and separate use during her natural life, remainder in fee to her children, the said Thomas Henry and James William, and that defendants were, by said will, appointed trustees to hold said property for the benefit of *cestui que trusts*, which trusts they accepted and

received from the executors of said will all the property and estate thus bequeathed.

The bill further states that during the lifetime of said testator, the most friendly relations existed between complainants and defendants, and which relations were well known to testator, and operated as a strong reason with him in selecting and appointing defendant's trustees of complainants. That soon after testator's death; defendants, without any good reason, commenced a series of aggressions upon the feelings of complainants, which has resulted in a cessation of all friendly intercourse between the parties, and this alienation was brought about by defendants, for the purpose of preventing complainants from understanding the condition of said trust estate in their hands, and from detecting the waste, mismanagement and destruction thereof, which the bill charges defendants contemplate committing, unless prevented by the interposition of a Court of Equity.

The bill further charges defendants with mismanaging the negroes belonging to said estate, making them idle, impudent and disobedient. That one of the trustees, James V. Jones, has removed from the county of Burke to the county of Fulton, and is inaccessible to complainants, and too far removed to supervise and protect said estate; and that said estate cannot be successfully managed while the present state of ill-feeling exists between the trustees and *cestui que trusts*. That the trustees have used no efforts to increase the property or funds under their control; that they have permitted money belonging to said estate to lie idle and useless in their hands, without putting the same out upon interest. That they refuse and neglect to cultivate the land or to repair the fences on the plantation.

The bill further charges that defendants own no property in fee simple, are irresponsible, and unfit to manage and protect the estate committed to them by the will of testator. The bill prays that defendants be removed, and that some fit and suitable person be appointed in their place.

Parsons et al vs. Jones and Jones, trustees.

The answer of defendants admitted the facts stated in the bill as to the death of Henry P. Jones and the provisions of his will creating a trust estate for his daughter and grandchildren, and their appointment as trustees.    But they deny that there has been any waste or mismanagement of said estate, on their part, or that they have, ever contemplated or threatened to commit such waste.    They deny that they have failed to cultivate the land, or have mismanaged the negroes; but allege that Thomas A. Parsons and wife are in possession of all said land and negroes, and the same are under their control and management, and that they are in receipt of all the rents and profits derived therefrom.    They deny that they have failed to invest or loan out funds or money in their hands belonging to said estate.    They admit that the relations between them and said Thomas A. Parsons are not of a friendly character, but they deny that such unfriendly relations have been brought about by them for any such purpose as the bill charges, and that they have done nothing to cause or give rise to any estrangement or alienation of good feeling.    That towards Mrs. Parsons, their sister, they entertain feelings of sincere affection and devotion, and that they desire to manage and protect said trust estate solely for her and her husband's benefit and advantage, and that of their children, as required by the will of their father, and as he expected them to do.

All the property belonging to said trust estate is in the possession of complainants except one very old negro woman Lucy, who is very aged and infirm, and who, on account of her age and her relations, the defendant, Henry W. Jones, has kept on his place, and has not sent or placed her in possession of complainants.

That defendant, James V. Jones, resided in the county of Fulton at the time of testator's death, but since then he has removed back to Burke county.

After the testimony on both sides was closed, complainants requested the Court to charge the jury as follows:

If the jury find, from the evidence, the existence of such hostility between complainants and defendants as might, under circumstances liable to occur, embarrass the management of the trust property, it will be a cause sufficient to justify the removal of defendants from their trusteeship.

"If the jury find from the evidence that the defendants have done any act in violation of the interests or rights of the *cestui que trust*, whether it be retaining a servant they should have delivered, or any other act, that such a violation of the trust is a ground for removal;" which the Court refused to give; but did instruct the jury:

1st. That there was no incompatibility whatever between the offices of executor or trustee, held by defendants, under said will.

2d. That a jury should believe, before they removed a trustee, that the property was in danger of suffering a serious and irreparable injury by the continuance of said trustee in office. Trusts being peculiarly subject to the jurisdiction of Courts of Equity, such Courts will always exert their power for their protection, and will control the action of trustees as far as the interests of *cestui que trusts* demand; and if necessary, even remove them from their office. But the power of removal, especially from trustships created by will, is never exerted but in extreme cases, and to preserve the property itself from loss or destruction, or to secure its full and free enjoyment by those entitled to the use. The object of the bill before us is to remove the defendants from a trust created by the will of Henry P. Jones, and reposed in them. In looking into that will, it is seen that the complainant, Melvina, is not the only person having a beneficial interest in the trust from which the defendants are sought to be removed; she is but a life tenant, and the interests of those in remainder are to be regarded equally with hers. The disposition made by the testator of this portion of his estate is legal, and his will, in the settlement of it, should not be disturbed but

for the most weighty reasons. The Court does not say that these trustees may not be removed at the suit of the life tenant alone; but it does say that before this can be done, there must be satisfactory proof of such conduct on the part of the defendants, as that the property itself is, therefrom, in danger of destruction or loss, or its full and free enjoyment by the life tenant withheld or hindered. Two causes for removal have been insisted upon.

First, the hostile feelings existing between the complainants and defendants. The Court instructs the jury that no misunderstanding between the parties, even though it amount to hostility, unless it lead the defendants to hostile acts, is sufficient cause for removal. Whether such acts have been proven, it is for the jury to determine. The second cause is the conduct of the defendants in regard to the slave, Lucy. As to this, the Court instructs the jury, that though this conduct should be found to be an interference with the rights of the complainants, yet it is not a sufficient cause for the extreme measure of removal. If the defendants have injured the complainant in regard to Lucy, this Court would, upon proper suit brought, give redress. But the complainants insist that the offices of executors of Henry P. Jones' will, and of trustees for complainant, Melvina, under that will, are incompatible. Such is not the opinion of the Court. In each character the defendants are answerable to the complainant, Melvina, who for this purpose may sue by her next friend, answerable as trustees in respect to the trust estate, as executors, together with their co-executors, in respect to the estate of Henry P. Jones. Under our peculiar system of equity jurisprudence, juries are the triers of of equity causes; and this case is submitted to your decision under the proofs you have heard, and the instructions upon matters of law now given you by the Court.

The above is, in substance and effect, the charge of the Court.

Moore vs. Morris.

A. H. H. Dawson, for plaintiff in error.

C. J. Jenkins, *contra.*

*By the Court.*—Benning, J. delivering the opinion.

In this case, we think, that the opinion of the Court below was correct, and that opinion is so full, that it is needless, to add anything to it.  Lucy, the woman withheld by the trustees, was so old as to be almost worthless.  And the motive for withholding her, was manifestly one of mere humanity. Whatever her labor was worth, the defendants were able, and no doubt willing, to pay.  Her retention then, could be no injury to the parties beneficially entitled to her.  And if this would not content them, they might ask equity to compel the trustees to deliver her up.  But, for the removal of the trustee, such a cause was not adequate.

Judgment affirmed.