## THOMPSON et al. v. HALE et al.

123   305
124   313
e124  315

1. A charitable or eleemosynary trust may be created by grant or legislative act.  If by grant, the donor may appoint trustees and confer the power of appointment of their successors on the trustees or the beneficiaries.
2. The trustees of an unincorporated academy, in the absence of power conferred by grant, have no authority to perpetuate their succession by filling vacancies in the board.
3. The superior court has plenary power over trusts for educational purposes, and may fill vacancies in the trusteeship, where no provision has been made therefor either by grant or by legislative act.

Argued May 19, — Decided June 15, 1905.

Equitable petition.   Before Judge Littlejohn.   Lee superior court.   November 11, 1904.

F. S. Hale and other patrons of the Smithville Academy, residents and taxpayers of the town of Smithville, brought their equitable petition against W. W. Thompson and others, to enjoin them from exercising any further authority as trustees of Smithville Academy, or from electing or contracting with teachers, and to dissolve the board of trustees and appoint a new board, by reason of the following facts: On May 16, 1863, M. J. Barrow conveyed to the trustees of Smithville Academy, and to the worshipful master and wardens of Austin Lodge F. and A. M., two acres of land therein described. The intention of the donor was to donate this land as a site for the academy and masonic lodge, and it was accepted by the trustees and the masons. The masons abandoned all interest in the same, and it is now used only for school purposes. No trustees of the Smithville Academy were named in said deed, and all the persons who held office as trustees at that time have died or removed from said town, and there are now no trustees to hold the title. The defendants illegally took possession of the property, styling themselves trustees, and employed teachers who were without experience and who were objectionable to a large number of the patrons of the school. The defendants refused to vacate their position as trustees or to hear any objection to their conduct in managing the school. A copy of the deed from Barrow to the trustees of Smithville Academy was attached to the petition and is as follows:

"State of Georgia, Lee County. This indenture made and entered into this the sixteenth day of May, in the year of our Lord eighteen hundred and sixty-three, between Moses J. Barrow, of Sumter county, State aforesaid, on the one part, and the trustees of Smithville Academy and their successors in office, also the Worshipful Master of Austin Lodge F. & A. M., F. H. Cheves, and the senior and junior wardens, William J. Tillman and James N. Jones, and their successors in office, of the other part, witnesseth, that the said Moses J. Barrow, for and in consideration of the good will he entertains for education and masonry, hath given, bequeathed, and let to the trustees of Smithville Academy, and to the Worshipful Master and Wardens of Austin Lodge F. & A. M., all that tract or parcel of land consisting of two acres, lying and being in the town of Smithville, county and

State aforesaid, known and distinguished as the east half of lots numbers 10 and 11 and the west half of lots 14 and 15; bounded on the north by Cotton Avenue street.　To have and to hold unto the said Trustees and Master and Wardens the above-specified lands for the purpose herein set forth, also for a church, if ever built.　The said Moses J. Barrow doth for himself, his heirs and assigns, the right and title warrant and defend unto said trustees and officers of Masonic Lodge, so long as a school, lodge, or church either is held; but should all cease, then said lands are to be reverted to said Moses J. Barrow, his heirs and assigns.　In witness whereof the said Moses J. Barrow doth hereunto set his hand and affix his seal, the day and year above written.

　　　　　　　　　　　　　　M. J. Barrow (L. S.)."

" Signed, sealed, and delivered in the presence of

" O. C. Pope, J. M. Bond, W. H. Hammock, J. P."

The defendants answered, averring that they are the duly constituted board of trustees of said academy, are in possession of the property, and are managing its affairs.　They admitted that they had collected considerable sums of money from various sources for the purpose of operating and maintaining the school, and averred that they had properly accounted for and applied the same.　They further averred, that they are the regularly elected members of the board of trustees of Smithville Academy, having been elected according to the established method and custom of electing members of such board since it was constituted forty-one years ago, and that they are the successors of the original board; that they are acting within the scope of their authority and are properly discharging their duties as trustees. The issue formed by the petition and answer came before the judge of the superior court on a hearing for an interlocutory injunction, at which time the following evidence was introduced by the plaintiffs: The deed attached to the petition; the affidavit of E. A. Booker, who testified that when he became a member of the board of trustees of said academy he asked for the minutes and was told that there were none, and that only since he became a member of the board had any record been kept of their actings and doings, or itemized statement of the receipts and disbursements made to the board; G. W. Warwick, who testified that at the August session of the board he demanded a record of

the selection of members, and the secretary told him there was none. Respondents introduced the following evidence: T. S. Burton, who testified that he had held the office of secretary and treasurer of the board, and as secretary had kept a record of all the acts and doings of the board which he considered of sufficient importance; that the present board are the regularly elected trustees of the school and the successors of the original board of trustees of the academy; W. W. Thompson, who testified that he had been a resident of Smithville for twenty-three years and a member of the board of trustees of Smithville Academy for twenty years, during which time he had been chairman of the board; that vacancies on the board occasioned by resignation or death had been promptly filled by the board's electing a successor, according to the uniformly recognized and established custom which had prevailed since the original constitution of the board; O. L. Thompson, who testified that the board of trustees as now constituted had been duly elected as the successors of their predecessors, according to the established method of electing trustees; that he had been a resident of Smithville for the past twenty years. There was other evidence to the effect that the board had been in the actual possession and management of the school and its affairs for a number of years.

After hearing the evidence the court passed the following order: "First, that the deed of M. J. Barrow, set forth in the original petition, created a trust as therein set forth, and vested the title to the real estate therein described in the persons then exercising the office of trustees of the Smithville Academy, in so far as the said deed makes reference to the trustees of said academy; and it further appearing that all the members constituting said board of trustees have died or removed from said town of Smithville, and whose whereabouts are unknown, and as the donor, M. J. Barrow, failed to provide a mode of filling the vacancies in the trusteeship for said property, there now exists a trust without a trustee, and under the law it becomes the duty of the judge of the superior court, acting as chancellor, to appoint trustees to hold office until the further order of the chancellor. Second: therefore I hereby appoint the following named citizens of said town ot Smithville as trustees of said Smithville Academy, to wit: W. W. Thompson, E. A. Booker, T. S. Burton, A. H.

Bass, J. R. Cochran, B. I. McKenney, and O. P. Brown, to hold charge of the property described in said deed, to protect and preserve the same, and to do and perform all the duties incident to said office. Third: it is further ordered and decreed that the defendants as a board of trustees be and they are hereby dissolved and directed to turn over all of the property belonging to the said Smithville Academy to the board of trustees in this order appointed." The defendants in their bill of exceptions allege that the order of the court is erroneous, (1) because there was no vacancy in the office of trustees for Smithville Academy, and therefore a court of equity had no jurisdiction of the subject-matter; (2) because by the deed from Barrow the title to the property, so far as the school was concerned, was conveyed to the trustees of the Smithville Academy and their successors in office, and that the defendants are the successors to the original board of trustees to whom the property was conveyed; (3) because, no method of electing successors to fill vacancies in the board having been pointed out in the deed, the trustees had the right to provide for their succession.

*Lane & Maynard*, for plaintiffs in error.
*G. W. Warwick*, contra.

EVANS, J. (After stating the facts.) 1–3. It is reasonable to assume that at the time of the execution of the deed from Barrow to the trustees of the Smithville Academy and to the officers of the masonic lodge, the Smithville Academy had a potential existence and its affairs were administered by a board of trustees. The grant, therefore, was to the board of trustees then existing and to their successors in office. Conceding that the deed did not create the trust, but merely put the legal title of the property conveyed into the trustees and their successors, it does not follow that the trustees possessed the power to fill vacancies occurring in their board. A trust of this character can not be created otherwise than by grant or by legislative authority. It can not be created by grant unless property is conveyed. The legislature has the power to incorporate an academy and to authorize certain persons to act as trustees, and the act of incorporation may further provide for the filling of vacancies in the board of trustees; the courts will take notice of such legislative acts. But as the Gen-

eral Assembly has not incorporated the Smithville Academy or empowered any board of trustees to manage it and take charge of its affairs, and as no grant is shown, it would seem that there is no lawful authority for the trustees to name their successors or to fill vacancies occurring within the board. If we should construe this deed as creating a trust, the trustees at the time of the execution of the deed had no power to fill vacancies, the deed conferring no such power of appointment. We therefore conclude that as the legal title to the property was vested in the trustees filling the office at the time of the delivery of the deed, no power of appointing successors having been provided thereby, and there being no legislative authority authorizing the control and management of the academy by the trustees, the burden was shifted upon the defendants to show the legality of their existence as a board of trustees with authority to manage the affairs of the school. This was not done. The evidence covered only a period extending back twenty or twenty-two years, during which time it had been the custom of the board to fill the vacancies. This is insufficient to show authority in the present trustees either to hold title under the donor's deed, or to manage the school affairs of that particular locality. The deed from Barrow was to the trustees of the Smithville Academy and their successors, and to certain officers of the Austin Lodge F. & A. M., and their successors, for the purpose of education and masonry, and also for a church, "if ever built." There was a provision in the deed that when the premises ceased to be used for church, school, or lodge purposes the land would revert to the grantor and his heirs. It is clear that the grantor intended that the persons holding the office of trustees of the academy, and the officers of the lodge should hold the property, not for their own individual benefit, but for school and masonic uses. The designation of the trustees by their official character is equivalent to naming them by their proper names. Inglis v. Sailors Snug Harbor, 3 Pet. 114. When the trustees died the title did not descend to their heirs; nor was there a reversion of the land to the grantor or his estate, so long as the premises are used for the purposes specified. The petition alleges that the masonic lodge had abandoned all interest they might claim under the deed, but the land is still used for school purposes. The case made is that of a charitable or elee-

mosynary trust without a trustee; and in such cases it is within the power of the superior court to nominate a trustee or trustees to hold the property for the uses declared in the donor's deed. Civil Code, §§ 4008, 4009.; *Beall* v. *Fox*, 4 *Ga.* 404. The beneficiaries under the deed are not the trustees, but all the persons living in the locality of the school who might avail themselves of its educational advantages and opportunities. As the deed did not confer the power of appointment, and the original trustees are no longer in existence, the power of appointing trustees vests in the superior court exercising equitable jurisdiction. This power of appointment may be exercised by the chancellor upon the petition of the beneficiaries of the trust. Civil Code, §§ 3178, 3195, 3197, and 3199. The chancellor exercised this power in the present case, and, we think, properly so, under the facts as they appear in the record.

*Judgment affirmed.     All the Justices concur, except Simmons, C. J., absent.*