SAUNDERS *v.* FLANIGAN, mayor, *et al.*

No. 10294.   January 16, 1935.

*G. W. Westmoreland,* for plaintiff.
*Clifford Pratt,* for defendants.

Beck, Presiding Justice.   J. W. Saunders, a citizen and taxpayer of the City of Winder, Georgia, and a patron of the Winder City Schools, filed his petition against the mayor and council of Winder and the members of the board of education of the city, in their representative capacity as such officials, and not as individuals, alleging that they were in control of and were managing certain school property in the city in violation of the trust created by the conveyance of such property, being about one and a half acres of land, in that the terms of the conveyance of this land for school purposes were that the same was to be managed and governed by trustees to be elected by the voters of the town, whereas the members of the board of education managing and controlling same were not elected by the vote of the people but by the mayor and council of the city, and the plaintiff asks that the present members be enjoined from declaring themselves to have the right to use the lands described in said deed, and that they be enjoined from using the lands so conveyed for any purpose or exercising any authority over the lands in question.   He shows that on August 24, 1887, certain named "trustees of the Jug Tavern School property" were the owners thereof through successive transfers to them as such trustees, and on that date they executed a deed of conveyance to other named persons who were designated therein as their "successors of the school property of Jug Tavern."   In that deed the habendum clause was: "To have and to hold as trustees aforesaid said tract or parcel of land unto them [naming them] and their successors," etc.   On January 27, 1891, the last-named grantees in their official capacity as trustees executed to the "Mayor and Council, their successors in office," a conveyance of the same property, which was there referred to as "the academy lot in the Town of Jug Tavern," in which deed, after the description of the property, there was this stipulation: "The above described property to be used for school purposes only,

except by consent of board of trustees." And the habendum clause was: "To have and to hold the said property, with all and singular the rights (except that the present trustees to manage and govern the school and their successors to be elected by the vote of the town), members, and appurtenances thereunto appertaining, to the only proper use, benefit and behoof of them the said parties of the second part and their successors in office."

The defendants answered the petition and set forth that what was formerly the Town of Jug Tavern has, by change of name and charter, become the present City of Winder, Georgia, wherein the school property in question is situated; that the City of Winder was chartered by an act of the General Assembly in 1917, by the terms of which the mayor and council were empowered to maintain a public-school system through a board of education named by them, and that this has been done continuously since that date, the school property in controversy being a part of the school system. The defendants also demurred generally and specially to the petition. Upon the hearing the court refused an injunction, and the plaintiff excepted.

The court did not err in refusing an injunction. The school referred to, in the building situated upon the land conveyed by the original owner to certain named trustees, has been operated by the mayor and council of Winder through its board of education since the creation of that city, and there is no evidence that it has ever been operated by a board of trustees elected by a vote of the people. The operation by the municipal authorities is under the provisions of the act of 1917, granting a charter to the City of Winder. It may be that the trustees originally named or their successor trustees might, and possibly may still, contest the operation of the school under the provisions of that act, in an equitable action contesting the right of the city authorities to so manage and control the school; but those trustees are not making complaint. Or it may be that a resort may be had to a court of equity under the doctrine laid down in cases applying section 3781 of the Code, which provides that trusts should never fail for the want of a trustee. See *Thompson* v. *Hale,* 123 *Ga.* 305 (51 S. E. 383). Or it may be necessary to resort to the cy pres doctrine in order to prevent the trust from failing. Code, §§ 4603, 4604. But a citizen and taxpayer, who has not complained for seventeen years during which the school has

been operated, can not now disrupt the system upon the grounds taken in the present petition; and we agree with the judge, who said, in a brief opinion rendered in the case, that on account of "the laches of the taxpayers and their failure to raise the question since 1917, since when the mayor and council of the City of Winder have been electing the trustees to manage and control the school on the premises described in plaintiff's petition and amendment, and in view of all the evidence in the case," an injunction should be refused. *Judgment affirmed. All the Justices concur.*