18788. SIMMONS *et al. v.* CITY OF CAVE SPRING.

DUCKWORTH, Chief Justice. 1. Once a charity is inaugurated, it is always subject to supervision and direction of a court of equity to render effectual its purpose and object. Code § 108-204.

2. Whether or not the City of Cave Spring, as owner of the fee-simple title to the property known as "Rolater Park," is a trustee "for the use and enjoyment only of the white race" of a park located in that city intended to be operated "for the best interest of the residents" thereof, or representative of the beneficiaries thereof, who are the residents of said city, its petition—which alleges in substance that the perpetual governing board of three citizens of Cave Spring are allowing the property to get in a dangerous state of repair, operating it in an unclean and unsanitary condition, failing to expend the surplus of money in their hands in improving and keeping the park in a clean, sanitary, and safe condition, failing to keep and make the proper records and reports of receipts and disbursements, in accordance with their prescribed duties set out by the deed of trust, and have failed to use, manage, and operate said park "for the best interest of the residents of the City of Cave Spring," and prays for the removal of the members of the governing board and for the court to supervise, direct, and carry into effect the charitable donation of said J. B. Rolater, as specified in the deed attached and to render effectual its purpose and object—states a cause of action for the relief sought, and the court did not err in overruling the general grounds of the demurrer thereto. See *Parsons* v. *Jones,* 26 *Ga.* 644; *Thompson* v. *Hale,* 123 *Ga.* 305 (3) (51 S. E. 383); *Harris* v. *Brown,* 124 *Ga.* 310 (52 S. E. 610, 2 L. R. A. (NS) 828).

3. However, the allegations of the petition that the governing board have acted in an arbitrary manner and abused their discretion in failing to make and prescribe rules for the use and occupancy and management of said park and for the organization and operation of the governing board are subject to demurrer, since it affirmatively appears that said board "shall have the right to prescribe . . . rules and regulations for its use

and occupancy," and they are "authorized to make . . . such reasonable rules for its own organization" as to them may be deemed advisable and not inconsistent with the provisions of the deed, all of which merely permits but does not require the making of such rules; and the mere absence of any such rules and regulations fails to show any violation of any duty on their part, and these paragraphs of the petition should be stricken therefrom.

4. The other special grounds of the demurrer are without merit, some having been answered by the amendment to the petition and the others being merely critical of allegations of fact as being conclusions of the pleader.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED NOVEMBER 8, 1954—DECIDED JANUARY 10, 1955.

*Maddox & Maddox, James Maddox,* for plaintiffs in error.
*Matthews, Maddox, Walton & Smith,* contra.