*R. H. Lewis,* for plaintiff. *. R. W. Moore,* for defendant.

---

## Bird *v.* Trapnell *et al.*

Per Curiam. 1. In order for the pendency of a former suit to be the basis of a plea in abatement to a subsequent suit, both suits must be for the same cause of action and between the same parties. Consequently, where ejectment was brought against certain defendants, and pending the suit in the same court an equitable petition was brought by the same plaintiff against one of the same defendants, and two others who were privies in estate to him, for specific performance of a parol contract alleged to have been entered into between the plaintiff and the intestate of one of the defendants, whereby the intestate agreed, upon certain alleged valuable consideration, that she would by deed or will leave certain real estate to the plaintiff, who prayed for specific performance against the administrator to compel the execution of titles to the plaintiff to the real estate, and to enjoin the privies in estate of one of the defendants from cutting timber on the land in controversy, it was error, on the trial of the issue formed by the plea in abatement, to allow the introduction of the former suit in evidence, and to direct a verdict sustaining the plea, and to enter judgment thereon.

2. There was no error in overruling the demurrer to the petition as amended.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

Nos. 704, 709. August 14, 1918.

Equitable petition. Before Judge Hardeman. Candler superior court. November 7, 1917. (See 147 *Ga.* 50, 92 S. E. 872.)

Josiah Bird brought ejectment against J. D. Bird, J. A. Wood-ward, and J. A. Woodward as administrator of the estate of Sarah E. Woodward, on November 23, 1914, to recover a certain tract of land in Bulloch county. After the filing of the suit Candler county was established, and the suit was transferred from Bulloch to Candler superior court, where it is now pending. Thereafter Josiah Bird filed an equitable petition to the February term, 1915, of Candler superior court, for specific performance, injunction, etc., against Judson Trapnell and E. J. Register of Candler county, J. A. Woodward of Emanuel county, and J. A. Woodward as administrator of Sarah E. Woodward, late of Emanuel county, deceased. The purpose of the last suit was to compel J. A. Woodward as administrator of Sarah E. Woodward to specifically perform a contract by which the latter was alleged to have agreed to give the plaintiff by will the tract of land described in the ejectment suit; and to enjoin Trapnell and Register from cutting the timber on the land. To the suit for specific performance Woodward, individually and as administrator, filed a plea in abatement, alleging the pendency of the ejectment suit. The plaintiff demurred and moved to strike the plea in abatement, on the ground that the cause of action and the parties to the two suits, and the relief sought, were not the same. The court overruled the motion and refused to strike the plea. Error is assigned on this ruling. The defendants then tendered in evidence the suit in ejectment, which was objected to on the ground that the parties and causes of action were not the same. The court overruled the objection and admitted the suit in ejectment in evidence; and the plaintiff excepted. The case proceeded to trial upon the plea in abatement. The defendants introduced the ejectment suit, showed that it was still pending in Candler superior court, and closed their case. The court directed a verdict sustaining the plea in abatement, and entered judgment sustaining the plea and dismissing the petition as to the defendant J. A. Woodward individually and as administrator; and the plaintiff excepted.

*Kirkland & Kirkland* and *Hines & Jordan,* for plaintiff.

*Johnston & Cone, Anderson & Jones,* and *J. A. Smith,* for defendants.