FOUNTAIN *et al. v.* BRYAN *et al.*

No. 9095. NOVEMBER 18, 1932.

*Homer Beeland* and *Dan S. Beeland,* for plaintiffs.

*J. R. Lunsford,* for defendants.

HILL, J. This is a contest between the intervenor (Bryan), who is the holder and owner of certain promissory notes and a security deed dated January 18, 1928, and judgment creditors whose executions were issued, dated, and recorded more than ten days after the rendition of the judgments, and subsequently to the date of the notes and security deed held by the intervenor.

The Civil Code (1910), § 3321, provides that when executions are recorded within ten (10) days from the date of the judgment, the lien of such judgment dates from the rendition thereof; and when the execution is entered upon the docket after the ten days, the lien shall date from the entry. Acts 1889, p. 106; Acts 1921, p. 115.

"The title to an exemption set apart to a bankrupt by a court of bankruptcy is in the bankrupt, and can be alienated and sold by him. . . In such a case, a vendee who purchases from the bankrupt before the goods are set apart under the State law by the ordinary gets a good title thereto, unless the sale was made to delay or defraud creditors of the vendor who had the right to subject the exemption, and this intention was known to the pur-

chasers." *Pincus* v. *Meinhard,* 139 *Ga.* 365 (2 a) (77 S. E. 82); *Morris Fertilizer Co.* v. *White,* 158 *Ga.* 38 (122 S. E. 692).

■ "An intervenor takes the case as he finds it, and can not be heard to make objections to the pleadings or process which the defendant vouching him into court did not urge." *Charleston & Western Carolina Ry. Co.* v. *Pope,* 122 *Ga.* 577 (50 S. E. 374). Having been permitted to come into the cause, because of his interest in the subject-matter of the suit, the intervenor is restricted to the issue as to such matter, and can not insist on raising or trying other issues not involved. Limitations on this rule rest on the obvious ground that the parties to the original suit have no power to waive or otherwise annul the substantial rights of the intervenor. . . Any judgment or other determination made before he became a party has not the effect of res judicata against him. 31 R. C. L. 692, § 31; 47 C. J. 115, § 221.

Applying the foregoing rulings to the agreed statement of facts, which were submitted to the judge without the intervention of a jury, he did not err in finding in favor of the intervenor.

*Judgment affirmed. All the Justices concur.*