notes executed by the taxpayer in the purchase of the land upon which the taxes subsequently accrued.

(*b*) The right to pay the tax and receive the transfer may be exercised by the purchaser at sheriff's sale after the judgment has been extinguished by payment.

(*c*) Where a purchaser as referred to above pays the principal and costs due on the tax fi. fa.; and receives a transfer thereof which he causes to be recorded, the omission to pay interest on the principal amount of the tax may be supplied by subsequent payment of the interest and execution and record of a new transfer to the transferee, which being accomplished, the execution becomes sufficiently transferred.

5. The fact that the transferee of the tax fi. fas. had not caused the execution for municipal taxes for 1934 to be levied would not, when considered in connection with the other facts in the case, require the grant of injunctive relief on the ground of avoidance of a multiplicity of actions. Under the pleadings and the evidence the judge did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*

MARTIN *v.* JELKS, administrator.

ATKINSON, Justice. A suit was instituted for specific performance of an alleged contract. A third person filed an intervention. A demurrer interposed by the defendant was overruled. The plaintiff dismissed the main action. The case was tried on the intervention. At the conclusion of evidence a nonsuit was granted, and the intervenor excepted. *Held,* that the intervention was subject to the fate of the main case, which having been dismissed, the intervention necessarily failed, whether or not it was supported by evidence. Consequently the judge did not err in granting a nonsuit.

The case differs from *Eastmore* v. *Bunkley,* 113 *Ga.* 637 (39 S. E. 105), in which the intervention was by one as a defendant seeking to prevent a recovery by the plaintiff in the main action.

*Judgment affirmed. All the Justices concur.*

No. 11018. JULY 2, 1936.

*Donald H. Fraser,* for plaintiff.
*W. C. Hodges* and *W. F. Mills,* for defendant.