## 32893.   ASHCRAFT *v.* MARSH.

Decided April 28, 1950.

*Marvin O'Neal Jr., J. E. Thomason,* for plaintiff.
*Augustine Sams,* for defendant.

Worrill, J.   O. L. Ashcraft filed suit in the Civil Court of

Fulton County against Mrs. J. F. Marsh for damages for breach of contract to sell the Marsh Business College. Mrs.Marsh filed her plea in abatement which alleged that there was then pending between the same parties in the Superior Court of Fulton County an intervention filed by the plaintiff in a certain proceeding therein in which intervention Ashcraft sought relief in reference to the same contract here sued on and against the same parties. The plea in abatement was tried before a jury upon stipulations of fact and the introduction of documentary evidence in the form of copies of the pleadings in the case in the superior court and the case in the civil court. At the conclusion of the evidence the judge directed a verdict for the plea. The plaintiff made a motion for a new trial which was overruled, and he excepted. After the bill of exceptions was certified and transmitted to this court the defendant in error filed a motion to dismiss the bill of exceptions on the ground that the $3000 paid into the registry of the superior court as a continuing tender in connection with the plea for specific performance in the intervention has been withdrawn, and that since there is no valid tender, the option has become void, and the question presented to the Court of Appeals is moot. The response filed by the plaintiff in error admits that the $3000 has been withdrawn as alleged in the motion.

As we see this case, the plaintiff here had an option to purchase the Marsh Business College from Mrs. Marsh, for which he gave valuable consideration. Pending that option the Atlanta School of Commerce filed in the Superior Court of Fulton County a suit against Mrs. Marsh alleging that Mrs. Marsh had a contract with it to operate the Marsh Business College as her agent; that Mrs. Marsh had entered into the aforesaid option contract with the plaintiff, Ashcraft, and prayed for an injunction to prevent Mrs. Marsh selling the property, because, it was alleged, such sale would have been in violation of her contract with the Atlanta Business University. The plaintiff in this case filed an intervention in that suit seeking first of all to have the injunction sought by the Atlanta Business University denied, and praying for specific performance of his option contract, and for the latter purpose the plaintiff tendered into court, in that case, $3000, the sum contracted to be paid upon the date

of the consummation of the option contract, and the plaintiff, as intervenor therein, alleged that the suit by Atlanta Business University was a subterfuge and was collusive with Mrs. Marsh to prevent the consummation of the sale of the property. Other prayers in the intervention included that all prayers of the Business University's petition be denied and that the intervenor have such other and further relief as to the court might seem meet and proper, but there was no prayer for a money judgment or for damages, or for any affirmative relief except for specific performance. Subsequently the plaintiff amended his intervention and struck therefrom the prayer seeking to restrain Mrs. Marsh from entering into any further contract with the Atlanta Business University, and the prayer for specific performance of the option contract.

Thereafter the plaintiff filed this suit in the Civil Court of Fulton County seeking damages for breach of the option contract. In this case the plaintiff merely alleged the fact of the contract, his offer to perform and tender of consideration on April 10, 1948, its breach by the defendant, Mrs. Marsh, in her refusal to perform the contract upon the timely tender of the consideration by the plaintiff, and damage resulting to the plaintiff. The prayer was for process, discovery of certain records of the defendant's business, and for a money judgment. The defendant filed a plea in abatement alleging that the intervention of the plaintiff in the injunction proceeding in the superior court was still pending, being between the same parties and concerning the same subject-matter. Upon a hearing before a jury, the trial court directed a verdict for the plea in abatement and dismissed the action. The plaintiff moved for a new trial, which motion was overruled, and he excepted.

■ As to the motion to dismiss the bill of exceptions, filed by the defendant in this court, on the ground that the plaintiff had withdrawn the $3000 paid into the registry of the superior court in the intervention case and that as a result thereof this case was moot, it seems to us that such motion presupposes that a continuing tender of the consideration is necessary in order to maintain a simple breach of contract action, which this is. This is not the rule and never has been. All that is necessary is that the plaintiff allege a sufficient tender of performance at

the time such performance was due under the terms of the contract. The plaintiff alleged in paragraph 3 of the petition as amended: "That defendant thereafter refused to complete her contract for the sale of said business to petitioner, although petitioner was ready to, willing to, able to and did offer to buy said business according to the terms of said agreement, to wit: $3000 cash; $500 on or before the 5th day of July, 1948, and a like sum on the 5th day of August, September, October and November, 1948; $3000 on or before the 5th day of November, 1948; and $500 on the 5th day of each month thereafter beginning December 5th, 1948, until the full amount of the purchase price was paid in full. (a) Petitioner did, in offering to complete said contract as herein alleged, under the terms of the same, tender to said defendant, Mrs. J. F. Marsh, the sum of three thousand dollars, as the cash payment provided for in said contract and offer to take over said business under the terms of said contract, on April 10, 1948, [which was prior to the date the option expired under the evidence] and the said Mrs. J. F. Marsh then and there refused to accept said tender, and then and there stated that she would not accept the same and would not comply with the terms of said contract, which she has refused to do." We think that this was a sufficient allegation of tender to sustain a simple breach of contract action, and that payment of $3000 into the registry of the superior court in the intervention was not material in this action and its withdrawal did not change the status of the plaintiff's case.

■ We next come to a review of the question presented in the trial court. Did the intervention in the injunction suit filed by the plaintiff constitute an election of remedies or lis pendens such as would bar this action? We think not. As amended that intervention simply opposed the prayers for injunction sought by the plaintiff therein. No affirmative relief was sought after the plaintiff amended the intervention and struck the prayers for specific performance. In fact no affirmative relief could be had by the intervenor since an intervenor must take the suit as he finds it and cannot inject new issues or change the nature of the proceeding. *Fountain* v. *Bryan,* 176 *Ga.* 31, 34 (3) (166 S. E. 766).

Neither is the plaintiff barred from bringing this suit on the

theory of election of remedies where his prayer for specific performance in the intervention in the injunction proceedings in the superior court was dismissed by him, since the plaintiff did not, in fact, under the ruling in *Fountain* v. *Bryan,* supra, have any right to affirmative relief or remedy in that suit. "While the election of one of two inconsistent remedies is to be regarded as a waiver of any rights under the other, a person who attempts to institute an action based upon a remedial right which he supposes he has, but in fact does not possess, is not thereby precluded from thereafter, in a court having jurisdiction, asserting his real rights." *Hawthorne* v. *Pope,* 51 *Ga. App.* 498, 500 (1b) (180 S. E. 920). A mere mistake of remedies does not constitute an election of remedies. "A plaintiff may pursue any number of consistent concurrent remedies against different persons until he shall obtain a satisfaction from some of them." Code, § 3-114. The remedy of the plaintiff, if it may be loosely so classified, in seeking to prevent the injunction against the sale of the property from issuing, was certainly against the Atlanta Business University, which was seeking the injunction, and who was a different person or party from Mrs. Marsh, the defendant there and here, from whom the plaintiff is seeking to secure a remedy concurrently therewith of damages for the breach of the contract of sale. We do not think that the remedy sought to be enforced in the intervention suit is in any way inconsistent with the remedy sought to be enforced here. See *Harber* v. *Harber,* 158 *Ga.* 274 (123 S. E. 114).

For these reasons the trial court erred in directing the verdict in favor of the plea in abatement, and the evidence demanded a verdict against the plea.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*