19022. HAISTEN *et al. v.* TANNER-BRICE COMPANY.

ARGUED JULY 12, 1955—DECIDED SEPTEMBER 13, 1955.

*Fort & Fort,* for plaintiffs in error.

*Dykes, Dykes & Marshall, T. O. Marshall,* contra.

DUCKWORTH, Chief Justice. Under Code § 3-601, no suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party; and if such suits are

commenced at different times, the pendency of the former shall be a good defense to the latter. While in this case the first suit was one for equitable relief, the actual prayers of the intervenors therein were for title to the alleged property in dispute to be decreed in them as against the defendants, and the ejectment suit brought by the intervenors involved title to the same land against the same defendants, the subject matter of the intervention and the ejectment suit necessarily being the same. It would thus seem that, these parties being the same and the subject matter being the same, the pendency of the equitable suit would be a good defense to the ejectment suit. But all the parties are not the same, since the plaintiffs in the first suit are in no wise involved in the second, although the intervenors are in actuality the plaintiffs therein. In *Bird* v. *Trapnell*, 148 *Ga.* 301 (96 S. E. 417), and *Hines* v. *Moore*, 168 *Ga.* 451 (148 S. E. 162), it was ruled that all the parties must be the same in order for the pendency of the first suit to abate the second, and they are not the same in this case. Further, the brief of evidence discloses that the real plaintiffs in the equitable action have dismissed their suit; and, as ruled in *Martin* v. *Jelks*, 182 *Ga.* 648 (186 S. E. 732), the intervention being subject to the fate of the main case, it was thus automatically dismissed. Thus it would certainly be a miscarriage of justice to allow the pendency of this suit to abate a later action by the intervenors, since the intervenor takes the case as he finds it and can not control the dismissal of the suit as in this case. See *Fountain* v. *Bryan*, 176 *Ga.* 31, 34 (3) (166 S. E. 766). It follows that the court erred in directing the verdict in favor of the plea in abatement and in failing to grant the motion for new trial.

*Judgment reversed. All the Justices concur.*