22534. EVANS et al. v. NEWTON et al.

ARGUED JUNE 8, 1964—DECIDED SEPTEMBER 28, 1964—REHEARING DENIED OCTOBER 8, 1964.

*Donald L. Hollowell, William H. Alexander, Jack Greenberg, James M. Nabrit, III,* for plaintiffs in error.

*Jones, Sparks, Benton & Cork, Trammell F. Shi,* contra.

ALMAND, Justice. Counsel for the plaintiffs in error (the Negro intervenors) assert that the decree of the judge of the superior court was "patent enforcement of racial discrimination contrary to the equal protection clause of the Fourteenth Amendment" to the Federal Constitution. The decree did not enforce, or purport to enforce, any judgment, ruling, or decree as related to the intervenors. After determining that all parties were properly before the court, the decree did two things: (1) Accepted the resignation of the City of Macon as trustee of Baconsfield; and (2) appointed new trustees.

"The law of charities is fully adopted in Georgia . . . ."

Jones v. Habersham, 107 U.S. 174 (5) (2 SC 336, 27 LE 401). Under the law of this State any person may, by will, grant, gift, deed, or other instrument, give or devise property for any charitable purpose. Ga. L. 1937, p. 593 (*Code Ann.* § 108-207). Any public convenience might be a proper subject for a charitable trust. *Code* § 108-203. A charity once established is always subject to supervision and direction by a court of equity to render effectual its purpose. *Code* § 108-204. It is the rule that a charitable trust shall never fail for the want of a trustee. *Code* § 108-302.

Whether the will of A. O. Bacon, establishing a trust for the operation of Baconsfield, contemplated by the language, "to the Mayor and Council of the City of Macon and *to their* successors" (italics ours), that the named trustee might resign, need not be determined. The City of Macon did resign, and the judge of the superior court was confronted with the commandment of *Code* § 108-302 that a trust shall never fail for the want of a trustee. Being empowered to appoint trustees when a vacancy occurs for any cause, *Thompson v. Hale*, 123 Ga. 305 (51 SE 383), *Harris v. Brown*, 124 Ga. 310 (2) (52 SE 610, 2 LRA (NS) 828), *Woodbery v. Atlas Realty Co.*, 148 Ga. 712 (98 SE 472), *Sparks v. Ridley*, 150 Ga. 210 (3) (103 SE 425), the judge exercised such power and appointed successor trustees.

The contention by counsel for the plaintiffs in error that *Code* § 69-504 required A. O. Bacon to limit the use of Baconsfield to the members of one race can not be sustained. *Code* § 69-504, in providing for gifts limited to members of a race, simply states that any person *may* "devise, give, etc." The law of Georgia does not by *Code* § 69-504, nor by any other statutory provision, require that any testator shall limit his beneficence to any particular race, class, color, or creed. Such limitation, however, standing alone, is not invalid, and this court has sustained a testamentary charity naming trustees for establishing and maintaining "a home for indigent colored people 60 years of age or older residing in Augusta, Georgia." *Strother v. Kennedy*, 218 Ga. 180 (127 SE2d 19). A. O. Bacon had the absolute right to give and bequeath property to a limited class.

Counsel for the plaintiffs in error assert that: "As the City was unable to comply with the racially discriminatory direction of the trust, three alternatives were open to the lower court: (1) declare the racially discriminatory provision null and void; (2) remove the trustee (or accept its resignation) and appoint a non-governmental trustee; (3) declare. failure of the trust." They insist that the judge should have chosen the first alternative.

Counsel for plaintiffs in error assert that the court should have applied the provisions of *Code* § 108-202 that when a valid charitable bequest is incapable for some reason of exact execution in the exact manner provided by the testator a court of equity will carry it into effect in such way as nearly as possible to effectuate his intention. The answer to this contention is: the application of the cy-pres rule, as provided in this Code section, was not invoked by the primary parties to this case, and even if it be conceded (which we do not concede, see *Smith v. Manning,* 155 Ga. 209, 116 SE 813, and *Fountain v. Bryan,* 176 Ga. 31, 166 SE 766) that the intervenors could raise such issue, the facts before the trial judge were wholly insufficient to invoke a ruling that the charitable bequest was or was not incapable for some reason of exact execution in the exact manner provided by the testator. There is no testimony in the record of any nature or character, that the board of managers provided by the will, can not operate the park pursuant to the terms and conditions of the will.

Counsel for the plaintiffs in error cite Pennsylvania v. Board of Directors of City Trusts of the City of Philadelphia, 353 U.S. 230 (77 SC 806, 1 LE2d 792). In the Pennsylvania case the United States Supreme Court pointed out that the board which operated Girard College was an agency of the State of Pennsylvania by legislative act, and that the refusal to admit Negroes to Girard college was therefore discrimination by the State. Upon the return of the case to the Supreme Court of Pennsylvania for further proceedings not inconsistent with the opinion, that court remanded the case to the Orphans' Court for further proceedings not inconsistent with the opinion of the Supreme Court of the United States. The Supreme Court of

Pennsylvania, on the second appearance of the case (see Girard College Trusteeship, 391 Pa. 434, 138 A2d 844), stated that the Orphans' Court construed the United States Supreme Court's opinion to mean that the Board of City Trusts was constitutionally incapable of administering Girard College in accordance with the testamentary requirements of the founder, and the Orphans' Court entered a decree removing the Board as trustee of Girard College and substituting therefor thirteen private citizens, none of whom held any public office or otherwise exercised any governmental power under the Commonwealth of Pennsylvania. The Supreme Court of Pennsylvania affirmed this action on review, and again sustained action denying admission to Girard College by the Negro applicants. Counsel for the defendants in error cite Girard College Trusteeship, 391 Pa. 434, and strongly rely on this Pennsylvania case. (On review by the United States Supreme Court the motion to dismiss was granted, and treating the record as a petition for certiorari, certiorari was denied. Pennsylvania v. Board of Director of City Trusts of Pennsylvania, 357 U.S. 570, 78 SC 1383, 2 LE2d 1546. A motion for rehearing was denied, 358 U.S. 858). In so far as the Girard College Trusteeship case is applicable on its facts to the present case, it supports the rulings we have made.

The record does not sustain the contentions of the plaintiffs in error, and the judge could not properly have gone beyond the judgment rendered. This judgment is not shown to be erroneous for any of the reasons urged by counsel for the plaintiffs in error.

*Judgment affirmed. All the Justices concur.*