22534. EVANS et al. v. NEWTON et al.

DECIDED MARCH 14, 1966.

*Donald L. Hollowell, William H. Alexander, Jack Greenberg, James M. Nabrit, III,* for appellants.

*Jones, Sparks, Benton & Cork, Trammell F. Shi,* for appellees.

ALMAND, Justice. The judgment of this court of September 28, 1964, (*Evans v. Newton,* 220 Ga. 280 (138 SE2d 573)), affirming the judgment of the Bibb Superior Court, was on January 17, 1966, reversed by the Supreme Court of the United States, 382 U.S. 296 (86 SC 486, 15 LE2d 373). In its mandate to this court, it was ordered "that the cause be remanded to the Supreme Court of the State of Georgia for further proceedings not inconsistent with the opinion of this court."

In response to our request, counsel for the plaintiff in error and counsel for the defendant in error, other than the City of Macon, have filed briefs as to what directions, if any, should be given on the return of this case to the trial court.

When this case was before us for review, we sustained the orders of the trial judge accepting the resignation of the City of Macon as trustee of Baconsfield and appointing new trustees. The Supreme Court of the United States, in the general reversal of the judgment of this court, did not, in the majority opinion, make any specific ruling on the right of the City of Macon to resign as trustee or that new trustees could not be appointed. The resignation of the City of Macon as trustee of Baconsfield because of its inability to carry out the provisions of the trust being an accomplished fact (and we know of no law that could compel it to act as trustee) and the order of the court appointing new trustees having been reversed, the trust property is without a trustee. Even if new trustees were appointed, they would be compelled to operate and maintain the park as to Whites and Negroes on a non-discriminatory basis which would be contrary to and in violation of the specific purpose of the trust property as provided in the will of Senator Bacon.

Under these circumstances, we are of the opinion that the sole purpose for which the trust was created has become impossible of accomplishment and has been terminated. (See Restatement (Second), Trusts § 335. "Where a trust is expressly created . . . [and] fail[s] from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs." *Code* § 108-106 (4) ).

The trial court in its order stated that it was not at that time necessary to pass upon the secondary contentions of the trustees of Senator Bacon's estate and the intervening heirs as to the failure of the purpose of the trust and its reversion to the Bacon estate. As we view the status of the case, in light of the United States Supreme Court's decision, direction is given that the court on the return of the case determine and pass upon the contentions of the trustees of the Bacon estate and intervening heirs and such other questions as may be properly raised by the parties.

The judgment of this court of September 28, 1964, is vacated, and the judgment of the Supreme Court of the United States is made the judgment of this court.

*Judgment reversed with direction. All the Justices concur.*