73742. HARDEE v. ALLIED STEEL BUILDINGS, INC. et al.
(356 SE2d 682)

BIRDSONG, Chief Judge.

Preston, subcontractor, sued Allied Steel Building, Inc. ("Allied"), contractor, in DeKalb County for moneys owed on three different building contracts, one of which involved a building in Ellenwood for Joann Hardee. Two days later, Allied sued Joann Hardee in Clayton County for payment on the Ellenwood contract. Allied answered Preston's DeKalb County suit, saying he had not received payment for the Ellenwood building from Joann Hardee, and that in any case Preston had erected the Ellenwood building incorrectly or at variance with the plans and specifications. Allied then vouched Joann Hardee into Preston's DeKalb County suit, pursuant to OCGA § 9-10-13, but did not dismiss its Clayton County suit against her. Joann Hardee moved for dismissal of the DeKalb County vouchment on grounds that the Clayton County suit was pending prior to the vouchment. The trial court denied the motion to dismiss the vouchment and we granted this interlocutory appeal. *Held*:

1. The appellant, Joann Hardee, contends the vouchment procedure authorized by OCGA § 9-10-13 has been superseded by the third-party practice rule of the Civil Practice Act, OCGA § 9-11-14. It has not. The vouching statute provides that a defendant who may have a remedy over against another person can vouch the person into court merely by giving notice of the pendency of the action. It is a substantive and evidentiary law which makes the judgment rendered in the action against the defendant conclusive and binding upon the vouchee "as to the amount and right of the plaintiff to recover." OCGA § 9-10-13. That is, the fact of the defendant's liability to the plaintiff and the amount of that liability are matters binding upon the vouchee; the vouchee's liability to the defendant cannot be determined in this action but a separate action must be filed by the defendant to determine whether the vouchee is liable to the defendant. *Dodge Trucks v. Wilson*, 140 Ga. App. 743, 746 (231 SE2d 818), aff'd 238 Ga. 636 (235 SE2d 142); *Clary Appliance &c. Center v. Butler*, 139 Ga. App. 233 (228 SE2d 211); *McArthor v. Ogletree*, 4 Ga. App. 429 (61 SE 859). The vouchee is not a party defendant (*Masters v. Pardue*, 91 Ga. App. 684 (86 SE2d 704), aff'd. 211 Ga. 772 (88 SE2d 385); see *Clary Appliance &c.*, supra, p. 235) as he is in third-party practice under CPA Rule 14. Although he may defend for his own sake against the defendant's liability to the plaintiff, no judgment is rendered against *him*.

Obviously third-party practice has the advantage of permitting a judgment against the third party for his liability to the defendant, thus avoiding the second action required to obtain a judgment against a vouchee. "It is supplementary, more extensive in scope, and in the main is a more adequate procedure since one lawsuit is made to serve the function of two," but it does not supplant the device of vouching in a party. 3 Moore's Fed. Practice § 14.02. In any case, the statute gives substantive rights insofar as it states the conclusive effect of a judgment upon a person vouched in but not a party, whereas Rule 14 is a procedural rule only; and for that reason alone OCGA § 9-10-13 cannot be said to have been abolished by the Civil Practice Act rule giving a permissive right to a defendant to bring in a third party. Besides, the legislature did not specifically abolish OCGA § 9-10-13 upon the enactment of the Civil Practice Act, and it cannot be said this statute was included in the general repealer because it is not *in conflict* with CPA Rule 14.

Since the enactment of the Civil Practice Act, the vouchment procedure has been largely abandoned; its procedural inadequacy to bind the vouchee to liability to the defendant is in fact a source of the third-party practice rule. But we hesitate to say there can never be a case where the defendant might wish to conclude another, by simple notice, to the fact and amount of the defendant's own liability to a plaintiff, without making that other a party and giving him full rights in the case. The vouching procedure has clear limitations, but it is simple and performs a valuable function. Evidently the defendant does not want to try in this case the question of Joann Hardee's liability to it on its contract with her; but if it did not vouch her into this case, she would not be bound by the adjudication of Allied Steel's liability to the subcontractor Robert Preston or the amount of that liability. *Southern R. Co. v. Acme Fast Freight*, 193 Ga. 598, 600 (19 SE2d 286). Estoppel by judgment (collateral estoppel) would not bind her because she is not a party to this suit. See *Delta Air Lines v. Woods*, 137 Ga. App. 693, 695 (224 SE2d 763); *King Sales Co. v. McKey*, 105 Ga. App. 787, 788 (125 SE2d 684). Vouchment is a right granted to the defendant under the statute, as is the binding effect of the judgment against the vouchee. The vouchee can protect her interests by coming in and defending against the voucher's liability to the plaintiff; if the vouchee objects to the vouchment she can ignore it, but she does so at her peril because the statute makes the judgment binding on her, and by the facts may reflect her own liability to the defendant. *Southern R. Co.*, supra, p. 601.

The appellant vouchee contends she is not a proper party for vouchment because she is an absolute stranger to plaintiff Robert Preston's contract with the defendant Allied. See *Blankenship v. Smart*, 102 Ga. App. 666 (117 SE2d 257). That may be true in a strict

legal sense but if the defendant is liable on its contract with the plaintiff, this is certainly a matter of interest to the defendant when it comes time to seek payment from the owner Joann Hardee for the same subject matter. This is the purpose the statute was meant to serve, in a nutshell, by giving the right to defendant, and the vouchee Joann Hardee cannot object to the vouchment merely because she would rather not be concluded as to the amount and fact of Allied Steel's liability to Preston.

2. As to the vouchee's claim that the vouchment is barred because the defendant's suit against her in Clayton County was pending prior to the vouchment, the vouchee has failed to make any argument or citation of authority on this point, and it is therefore abandoned pursuant to Court of Appeals Rule 15 (c) (2); see *Cowart v. Webster*, 152 Ga. App. 542 (263 SE2d 277).

We note, however, that it is clear that Joann Hardee is not a party defendant in this case by virtue of the vouchment; the vouchment is not a suit against her and she will not suffer a judgment against her by virtue of the vouchment. Therefore, the vouchment is not abated by a "prior pending suit" under OCGA § 9-2-5. See *Haisten v. Tanner-Brice Co.*, 211 Ga. 821 (89 SE2d 172); *Wilson v. Atlanta, K&N R. Co.*, 115 Ga. 171 (41 SE 699). Pendency of a prior suit, to be a bar, must be on the same cause of action and involve the same parties. *Perimeter Billjohn, Inc. v. Perimeter Mall*, 141 Ga. App. 343 (233 SE2d 470). However, for the same reason, the second lawsuit in Clayton County by Allied Steel (the voucher here) against Joann Hardee (the vouchee) is not abated by the vouchment suit; and if a judgment is obtained first in that Clayton County lawsuit between Allied Steel and Joann Hardee, it cannot be affected by this vouchment suit. That is, if there has been no "judgment" in the vouchment suit, there is nothing to conclude another suit between Allied Steel and Joann Hardee as parties. OCGA § 9-10-13 cannot be stretched that far beyond its own terms.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 9, 1987.

G. Robert Oliver, for appellant.
Walter C. Alford, William H. Smith, Jr., for appellees.