## A95A1686. SMITH v. TRANSAMERICA INSURANCE COMPANY.
### (463 SE2d 711)

SMITH, Judge.

This appeal involves the ancient common-law device of vouchment and its survival in modern practice in statutory form. OCGA § 9-10-13. We are asked to determine the scope of that statute's effect upon a subsequent claim against the vouchee. We conclude that the effects of a vouchment under OCGA § 9-10-13 are limited to those explicitly provided by the statute, and we affirm the trial court's decision granting summary judgment in favor of the vouchee.

Smith, an insurance agent, was sued in Fulton County by a former customer and its employees after a medical insurance policy he procured failed to pay the employees' medical claims. Smith notified his errors and omissions insurer, Transamerica, which denied coverage on the basis of the insolvency exclusion in its policy. Smith then sent a letter to Transamerica vouching it into the Fulton County action pursuant to OCGA § 9-10-13. It does not appear from the record that Transamerica filed pleadings, defended, or otherwise participated in the Fulton County action as a vouchee. The trial court in the Fulton County action entered findings of fact and conclusions of law, granting summary judgment to the plaintiffs and finding Smith liable for plaintiffs' damages.

Smith then filed this action against Transamerica in the State Court of DeKalb County, seeking coverage under the errors and omissions policy, bad faith penalties, and attorney fees. Both Smith and Transamerica moved for summary judgment. In a thorough and well-reasoned order, the trial court denied Smith's motion and granted summary judgment in favor of Transamerica on the basis of the insolvency exclusion. From this order, Smith appeals.

In three related enumerations of error, Smith contends the trial court erred in allowing Transamerica to litigate the issue of its liability under the errors and omissions policy.[1] According to Smith, the vouchment foreclosed the relitigation of any issue addressed by the findings of fact and conclusions of law in the Fulton County action, which he contends determined by implication the issue of Transamer-

---

[1] Smith does not enumerate any error in the trial court's interpretation of the policy exclusion itself as a matter of law or fact.

ica's liability to Smith. Smith argues that because the court found the failure of reinsurance through Smith's negligence was the proximate cause of the plaintiffs' losses, that finding is conclusive as to the reason for the underlying loss, and therefore, the insolvency exclusion does not apply. This argument assumes, however, that the trial court in the Fulton County action considered a multitude of issues that were never presented for decision, including the terms of coverage and exclusions under the Transamerica policy or the policy of reinsurance.[2] Moreover, even if we assume that the Fulton County trial court made a sub silentio determination of Transamerica's liability under the policy without ever expressly so holding, Smith's argument misstates the function and effect of the vouchment statute.

OCGA § 9-10-13 provides: "Where a defendant may have a remedy over against another person and vouches him into court by giving notice of the pendency of the action, the judgment rendered therein shall be conclusive upon the person vouched, as to the amount and right of the plaintiff to recover." This Court and the Supreme Court have consistently interpreted this language to mean precisely what it says. "By the terms of the quoted Code section, when a person against whom a defendant has in fact a remedy over has been thus vouched, and such remedy over has been actually established by aliunde proof, the vouchee thereby is bound by the previous judgment establishing the liability of the original defendant and the amount thereof. . . . But the mere avouchment of a third person by a defendant to a suit, under the claim of a remedy over against him, and the failure of the vouchee to respond, *does not adjudicate the validity of such claim of the voucher against his vouchee.* The previous judgment does not determine whether the voucher's claim over against the vouchee was in fact good or bad. [Cits.] The underlying purpose of the rule which permits the vouching of another into court to defend a suit, where the defendant claims that the vouchee would in turn be responsible to him for any recovery had, is to conclude the vouchee upon the question of the voucher's liability to the original plaintiff and the amount of such liability; *thus leaving for future determination only the one other question as to whether or not the vouchee is in fact liable over to the vouching defendant.*" (Emphasis supplied.) *Southern R. Co. v. Acme Fast Freight,* 193 Ga. 598, 600-601 (19 SE2d 286) (1942). "[T]he fact of the defendant's liability to the plaintiff and the amount of that liability are matters binding upon the vouchee; *the vouchee's liability to the defendant cannot be determined in this action* but a separate action must be filed by the de-

---

[2] It is perhaps significant that the findings of fact and conclusions of law never mention either Transamerica or its policy of insurance.

fendant to determine whether the vouchee is liable to the defendant. [Cits.] The vouchee is not a party defendant [cits.] as he is in third-party practice under CPA Rule 14. Although he may defend for his own sake against the defendant's liability to the plaintiff, no judgment is rendered against [the vouchee]." (Emphasis supplied.) *Hardee v. Allied Steel Buildings*, 182 Ga. App. 587 (1) (356 SE2d 682) (1987). In fact, the provisions of the Civil Practice Act regarding third-party practice have largely superseded the vouchment procedure, precisely because it cannot bind a vouchee to liability to the defendant. *Hardee*, 182 Ga. App. at 588.

Smith insists that Transamerica's decision not to litigate as a vouchee constitutes an estoppel and is conclusive as to all findings of fact and conclusions of law in the Fulton County action, relying on language from the *Hardee* decision to the effect that "if the vouchee objects to the vouchment [it] can ignore it, but [it] does so at [its] peril because the statute makes the judgment binding on [it], and by the facts may reflect [its] own liability to the defendant. *Southern R. Co.*, supra, p. 601." *Hardee*, 182 Ga. App. at 588. Smith misinterprets *Hardee*. The Supreme Court in *Southern* makes it abundantly clear that a vouchee's liability could theoretically be established *in the first action* only by the *vouchee's* conduct, which "by his own pleading or his actual procedure in his conduct of the [first] case necessarily establishes his own liability over to the original defendant." *Southern R. Co.*, 193 Ga. at 601. In other words, a binding admission in judicio could conceivably be made under some set of facts by the vouchee in *responding to* the vouchment, but nothing is established by *refusal* to participate as a vouchee, other than the statutory consequences specifically provided by OCGA § 9-10-13.

Under these circumstances, Smith's contention that Transamerica is bound by all the findings and conclusions of the court in the Fulton County action is without merit. Transamerica is bound by the finding of Smith's liability to the insured and the amount of that liability, nothing more. Consequently, the trial court did not err in considering the terms of the errors and omissions policy in granting summary judgment to Transamerica.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

Decided October 26, 1995 —

*Schreeder, Wheeler & Flint, Lawrence S. Burnat, Debbie A. Wilson*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, John W. Sandifer, David F. Root*, for appellee.