## 50308. TINSLEY v. BEELER et al.

STOLZ, Judge.

The appellees filed a complaint against the appellant, James N. Tinsley, and Harold F. Gaulding, Jr., designated as Civil Action No. 22296 in the Superior Court of Clarke County, Ga., on July 3, 1971. This was a suit to recover actual damages in the sum of $16,533.32 plus $20,000 bad faith damages based on fraud and $3,500 attorney fees, arising out of a breach of contract entered into between the parties as an accord and satisfaction of an original action, Case Number 20766 in Clarke Superior Court.

The original action against the appellant, Case No. 20766, had been instituted by Gaulding on January 14, 1970, in which the appellees herein were allowed to intervene as additional parties plaintiff on January 20, 1970. This action was a petition for accounting, alleging in the part of all parties plaintiff a partnership interest in a package store business. This action was called for trial in the Clarke Superior Court on October 12, 1970, and the parties announced ready and proceeded to strike a jury. A recess was called and, after the parties agreed upon a settlement of the case, an announcement was made in open court reflecting same and Case No. 20766 was taken off the trial calendar. The appellees herein filed the case now before the court, Civil Action No. 22296, on July 3, 1971, based on the breach of the accord and satisfaction entered into on October 12, 1970.

Prior to the appellees' filing the case now before this court, Gaulding, the original plaintiff in the original action (Case No. 20766) on February 10, 1971, filed a dismissal of the main action against appellant Tinsley, with prejudice, stating that the case had been compromised and settled in full.

Pending the trial of the case sub judice, the appellant herein was heard on his second defense, which alleged as a bar to the instant suit a prior pending suit between the parties involving the same issues, and attached thereto a copy of the original action. The appellees dismissed their intervention in Case No. 20766 without prejudice and an order was entered in the instant case by the court overruling the appellant's second defense.

Thereafter, the appellant filed his motion to dismiss the complaint on the grounds that Code Ann. § 24-3339 specifically disallowed the enforcement of any agreement such as alleged by the plaintiffs as having been entered in and this motion was overruled by the court.

The appellant renewed his motion which was subsequently overruled by the court and another motion to dismiss was filed, again citing as authority Code § 3-601, which was once more overruled by the court.

The case came on for trial before a jury, and the jury returned a verdict in favor of the plaintiffs, appellees herein, and against the defendant, Tinsley, appellant

herein, in the amount of $16,666.62 on May 28, 1974, which verdict was made the judgment of the court on May 30, 1974. The jury returned a verdict in favor of the defendant Gaulding.

1. The appellant's contention, that the trial judge erred in overruling his second defense (former suit pending) based on Code § 3-601, is without merit. An examination of the Code section reveals that it requires that the suits must be between the same parties based on the same cause of action. Not only must the parties be the same, but also they must occupy the same status in both suits. Gaulding was the plaintiff in Case No. 20766, Tinsley (appellant) was the defendant, and Beeler and Roush (appellees) were intervenors. In this case, Beeler and Roush were plaintiffs, with Tinsley and Gaulding being the defendants. Moreover, the causes of action were not the same. The first suit (No. 20766) was for an accounting between alleged partners; the present suit seeks to enforce an alleged accord and satisfaction of the first suit. The issues of fact in the case sub judice were submitted to the jury and resolved by their verdict.

2. The appellant's second enumeration of error complains of the trial judge's denial of the appellant's motion to dismiss on the grounds that the agreement settling the first suit was not enforceable against the appellant because it was not in writing and signed by the parties. In support of this position, the appellant relies on the provisions of Code § 24-3339, "No consent or agreement between attorneys or parties will be enforced by the court, unless it be in writing, and signed by the parties to the consent, where such consent or agreement is denied by the opposite party."

The foregoing provision of our Code is taken out of context. It is contained in the chapter on courts and the section governing rules of the superior court. It applies to consents and agreements between parties and/or their counsel pending and during the trial of a case. The factual situation in the case at bar is controlled by *Boswell v. Gillen,* 131 Ga. 310 (62 SE 187), the essence of which is that such agreements put an end to the original subject matter of the controversy (Division 1); that they need not be in writing (Division 2); that the rule expressed in Code

§ 24-3339 has no application in this factual situation (Division 3); and that settlement of doubtful issues in a pending cause is sufficient consideration to support an agreement of compromise and settlement (Division 4). There was ample evidence to support the existence of the agreement to settle the first suit (No. 20766) upon which the jury could rely in reaching its verdict. The appellant's second enumeration of error is not meritorious.

3. The verdict and judgment were authorized by the evidence.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED FEBRUARY 25, 1975 — DECIDED APRIL 8, 1975.

*Fortson, Bentley & Griffin, Herbert T. Hutto,* for appellant.

*Cook, Pleger & Noell, John S. Noell, Jr.,* for appellees.