## 34803. BANK OF CUMMING v. MOSELEY et al.

HALL, Justice.

Harry and Ted Moseley sued appellant Bank of Cumming to force re-assignment to them of a third party note and security deed held by the bank as collateral for a loan to the brothers. When the bank failed to answer, the Moseleys obtained a default judgment. Within the same term of court, the trial judge set aside the default, but the bank still did not answer the complaint. Eleven months later, the bank attempted to foreclose on the third party note, alleging that Harry Moseley was in default on a subsequent loan secured by that note. The trial court temporarily enjoined the foreclosure on the ground that the original suit filed by the Moseleys was still pending in the trial court. The bank then filed its answer in the original suit, but the trial court, on motion of the Moseleys, struck the answer and entered a second default judgment against the bank. The bank appeals from this judgment. We affirm.

A trial judge has the power during the same term of court at which a judgment is rendered to reverse, correct, revoke, modify or vacate the judgment in the exercise of his discretion. *Ammons v. Bolick,* 233 Ga. 324 (1) (210 SE2d 796) (1974). This inherent power of the trial court was not changed by passage of the Civil Practice Act. *Martin v. General Motors Corp.,* 226 Ga. 860 (1) (178 SE2d 183) (1970).

In this case, the trial court denied the bank's equitable complaint to set aside the initial default judgment, its motion for new trial and its motion under Code Ann. § 81A-160 (d) to set aside the default. But the trial court nevertheless set the judgment aside using its inherent power because the term of court had not ended. The bank now contends that it did not default the second time because the trial court did not order it to file responsive pleadings. We disagree.

When a default judgment has been granted and is then set aside under Code Ann. § 81A-160, the case returns to the posture it occupied prior to the default judgment, and the defendant must file responsive

pleadings to avoid defaulting a second time. See *Mathews v. Mathews,* 121 Ga. App. 725 (175 SE2d 126) (1970). This is in no way changed when a default judgment is set aside not under Rule 60 but through the exercise of the trial court's discretion. In other words, although a trial court's discretionary power to act during the same term of court is derived from its inherent powers and not from the Civil Practice Act, the CPA continues to control the procedural aspects of the case. Otherwise, chaos would result since the courts of this state would be required to fashion from whole cloth a procedure separate from the CPA to be followed in those cases in which the trial court used its discretionary authority. This we refuse to do.

When the plaintiffs' default judgment was set aside, the complaint was left pending in the trial court. Eleven months later the bank for the first time attempted to answer. Code Ann. § 81A-155 (a) provides, "If in any case an answer has not been filed within the time required by this Title, such case shall automatically become in default . . ." Thus, the bank was in default when it attempted to answer. The procedure for opening the default is set out in Code Ann. § 81A-155(b). *West Court Square v. Assayag,* 131 Ga. App. 690 (206 SE2d 579) (1974); *Coleman v. Dairyland Ins. Co.,* 130 Ga. App. 228 (202 SE2d 698) (1973). The bank did not follow this procedure. When the plaintiffs made a motion to strike the answer, the trial court was justified in doing so and in granting plaintiffs a second default judgment. See *Times-Journal, Inc. v. Jonquil Broadcasting Co.,* 226 Ga. 673 (177 SE2d 64) (1970).

The bank also contends that if it were required to file responsive pleadings to avoid a second default, either its motion to set aside the first default judgment, its motion for new trial or its equitable complaint to set aside the judgment should be treated as an answer to the original complaint. The "title" applied to pleadings is not binding on the court; we judge a pleading by its contents, not by its name. *Frost v. Frost,* 235 Ga. 672 (221 SE2d 567) (1974). But nothing filed by the bank can serve as an answer because nothing contains specific or general denials of the allegations found in the complaint. Code Ann. § 81A-108 (b); *Whitby v. Maloy,* 145 Ga. App. 785 (245 SE2d 5) (1978).

We find that after the trial court set aside the first default judgment, the bank defaulted a second time through failure to file responsive pleadings. The trial court was justified in striking the answer the bank eventually filed and granting a second default judgment because the bank failed to comply with Code Ann. § 81A-155 (b).

*Judgment affirmed. All the Justices concur, except Hill and Bowles, JJ., who concur in the judgment only.*

ARGUED MAY 14, 1979 — DECIDED JUNE 27, 1979.

*Robinson, Harben, Armstrong & Millikan, Emory F. Robinson, Frank W. Armstrong,* for appellant.
*Thomas C. Jones, Jr.,* for appellees.