## 38943. WOODEN v. BLOCKER.

HILL, Presiding Justice.

On April 21, 1982, Frank Blocker, age 65, filed a petition for a writ of habeas corpus in the Superior Court of Dougherty County seeking custody and control of Gary Blocker. The petition alleged that Gary Blocker was the son of Frank Blocker; that the child's mother died on June 30, 1975; and that the child was being illegally detained by his maternal aunt, Lucinda Wooden. The complaint was served on Lucinda Wooden, together with a rule nisi directing her to appear in court with the child on May 24 and to show cause why the child should not be returned to Frank Blocker. Ms. Wooden appeared with the child but without counsel. Following a hearing, which was not transcribed, the trial court entered an order on May 27, 1982, finding that the child was seven years old; that the child's mother had

died on June 30, 1975; that the child had been legitimated by Frank Blocker on June 7, 1977; and that the maternal aunt had had physical possession and control of the child since 1978. The trial court also found that respondent did not show that Frank Blocker had lost his parental rights and that Frank Blocker was a fit parent. The court ordered that custody and control of the child be awarded to Frank Blocker.

On the next day, May 28, Ms. Wooden filed a motion for rehearing and reconsideration through her newly retained counsel. The motion came on for hearing on June 4, 1982. At the hearing, Ms. Wooden sought unsuccessfully to be allowed to present evidence which she contended would establish that Frank Blocker was an unfit parent and had abandoned the child.[1] The trial court ruled that an attempt to terminate Frank Blocker's parental rights by attacking his fitness or by showing that he had abandoned the child was not cognizable in the habeas action before the court. Ms. Wooden filed notice of appeal on June 25, 1982.

Since the hearing on the motion for reconsideration occurred during the same term of court in which the order at issue was filed, the trial court had the power "to reverse, correct, revoke, modify or vacate the judgment in the exercise of his discretion." *Bank of Cumming v. Moseley,* 243 Ga. 858 (257 SE2d 278) (1979). In this case the trial court did not exercise that discretion; rather he ruled that to do so would serve no purpose because the only issue cognizable in the habeas proceeding was whether Frank Blocker was the only surviving parent of the child and whether custody was being withheld from him. While the trial court recognized that a natural parent's rights in and to his child can be terminated, he did not recognize that the court has discretion to consider the issue of termination in a habeas corpus action brought by a parent to obtain custody. *Bryant v. Wigley,* 246 Ga. 155 (2) (269 SE2d 418) (1980).[2]

Upon a reading of the entire record in this case, we are convinced

---

[1] The transcript of the hearing on the motion for reconsideration also indicates that Ms. Wooden, who apparently would claim that she has raised the child since his mother's death, not just since 1978, sought to attack the validity of the legitimation on the ground that no notice of the petition to legitimate was served on the child or his custodian and on the ground that Blocker is not in fact the child's father. These issues have not, however, been properly presented on this record.

[2] A counterclaim contesting the legal custodian's right to custody will not lie unless the habeas was filed in the county of residence of the petitioner. *Canning v. Evans,* 250 Ga. 85 (1982). Since venue was not litigated, we cannot be confident that venue over the counterclaim will lie in this case, but it appears that the petitioner is a resident of Dougherty County.

that in finding in the May 27 order that Frank Blocker was a fit parent, the trial court was not adjudicating that issue itself because it did not believe it cognizable; rather the trial court was stating that Frank Blocker was fit because he had never been determined to be unfit. We are supported in this reading of the record by the fact that the trial court suggested that a petition could be filed in juvenile court to remove the child from the parent's custody if the child was in danger. Counsel for Ms. Wooden subsequently filed a petition in juvenile court but it was dismissed on the ground that the superior court order was res judicata as to the issue of fitness up to the date it was entered, May 27, 1982. Juvenile Court of Dougherty County, Case File #C-820604. Ms. Wooden's application for a discretionary appeal from the juvenile court order has been denied by the Court of Appeals. Application #529, In Re G. B. (denied Oct. 1, 1982). A matter not cognizable in the superior court should not be res judicata in the juvenile court.

Under *Bank of Cumming v. Moseley,* supra, 243 Ga. 858, the trial court has the discretion to reverse, correct, revoke, modify or vacate the order of May 27. We emphasize that the trial court need not take any such action where, as here, the defendant having appeared without an attorney has had her day in court although she has not effectively litigated the issues. But here the superior court finding as to its jurisdiction is contrary to the juvenile court's finding as to the superior court's jurisdiction and the superior court denied the motion to reconsider on the ground that it lacked authority to grant the motion. A 7-year-old child's future should be decided after a trial on the merits, not contradictory jurisdictional determinations. We therefore vacate and remand so that the court may rule on the motion for reconsideration in light of this opinion.

*Judgment vacated and case remanded for further proceedings not inconsistent with this opinion. All the Justices concur.*

DECIDED OCTOBER 27, 1982.

*Gardner, Willis & Sweat, Jesse C. Stone,* for appellant.
*Johnnie Mae Graham, John L. Cromartie, Jr., Mary R. Carden,* for appellee.