## 69168. P. H. L. DEVELOPMENT CORPORATION v. SMITH.
### (329 SE2d 545)

BENHAM, Judge.

Appellant filed this breach of contract suit against appellee on June 21, 1982. A default judgment in the amount of $58,864.82 was entered against appellee on August 19, 1982, due to appellee's failure to file timely defensive pleadings. The trial court subsequently granted appellee's motion to set aside the default judgment and allowed appellee to open the default. This appeal followed the trial court's dismissal of the action due to the pendency of an action filed previously in another court by appellant against appellee. See OCGA § 9-2-5 (a).

1. Appellee's motion to set aside the default judgment was filed on August 24, 1982, in the same term in which the judgment had been entered. See OCGA § 15-6-3 (19) (B). Accordingly, the trial court had an inherent power, which was not changed by passage of the Civil Practice Act, to modify its own judgment for any "meritorious reason." *Cooley v. All The World*, 247 Ga. 459 (1) (276 SE2d 615) (1981); *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979); *Goode v. O'Neal, Banks & Assoc.*, 165 Ga. App. 162 (300 SE2d 191) (1983). The "right to determine 'meritorious cause' is also addressed to the sound discretion of the judge, and we will not reverse his decision unless such discretion is manifestly abused. [Cit.]" *Holcomb v. Trax, Inc.*, 138 Ga. App. 105, 107 (225 SE2d 468) (1976).

The promotion of justice is a meritorious reason which will support the trial court's exercise of its inherent power to set aside a judgment. See *Lawson v. Haygood*, 202 Ga. 501 (3a) (43 SE2d 649) (1947); *C & S Nat. Bank v. Burden*, 145 Ga. App. 402 (1) (244 SE2d 244) (1978). After conducting an unrecorded hearing on the motion to set aside, the trial court concluded that "[t]o hold this [appellee] to be in default . . . would be a ridiculous exercise of rule over reason, and remove from the public the service we are here to perform, equal justice under the law." Implicit in this holding is the trial court's finding of a meritorious reason, the promotion of justice, for exercising its inherent power to set aside the default judgment. The resulting decision to set aside the default will not be disturbed by this court since the record does not contain a basis to support a conclusion that the trial court abused its discretion in finding a meritorious reason for setting aside the judgment.

Having determined that the motion to set aside was properly granted, we must next determine if the trial court correctly opened the underlying default. Once a default judgment is set aside, the case returns to the posture it occupied prior to the entry of the default judgment, which posture is usually that of being in default. OCGA § 9-11-55; *Bank of Cumming v. Moseley*, supra. It is at this point that

the procedure for opening default, set out in OCGA § 9-11-55 (b), is set into motion. Under that statute, "[a]t any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial." The dissent concludes that appellee failed to show "under oath" a meritorious defense to the claim. See *Global Assoc. v. Pan Am. Communications*, 163 Ga. App. 274 (1) (293 SE2d 481) (1982). However, in his affidavit attached to the motion to set aside judgment, appellee set forth a defense to the breach of contract claim by stating that he had neither met the owner of the suing corporation nor had he talked with him personally, telephonically, or through an agent. Appellee also averred that he was involved in defending five pending lawsuits which concerned the same substantive matters addressed in the present lawsuit. The pendency of another lawsuit is a good defense to a second action involving the same cause of action brought by the same plaintiff against the same defendant. OCGA § 9-2-5 (a). Thus, appellee presented two meritorious defenses under oath.

The trial court opened the default on the ground of excusable neglect. If the record sustains the decision to open default under any of the three grounds noted in the statute (providential cause, excusable neglect, and a proper case), this court will affirm the trial court's action. *Copeland v. Carter*, 247 Ga. 542 (1) (277 SE2d 500) (1981). Since appellant has failed to show that a proper case for opening the default has not been made, the trial court's exercise of its discretion was not abusive and its action must be sustained.

2. Appellant raises several enumerations of error concerning the hearing on the motion to set aside the default judgment and open default. Contrary to appellant's assertion, it is apparent from the record and the trial court's order that a hearing was indeed held on the motion. Since no transcript of evidence has been or can be filed since the hearing was not reported, we must affirm all enumerations requiring consideration of evidence. *Southerland v. Oxford Group*, 162 Ga. App. 213 (290 SE2d 556) (1982).

3. The trial court dismissed appellant's lawsuit due to the pendency of an identical action filed earlier by appellant in another court. OCGA § 9-2-5 (a). The statute permits dismissal of the later-filed suit if the two actions are for the same cause of action and against the same party. It is undisputed that appellee had been dismissed as a party from the first suit several days before the second

suit was initiated. Since the statute requires an identity of parties before the defense of prior pending action is viable, it was error for the trial court to apply the defense and dismiss the complaint where appellee was not a party to the pending action when the suit was filed. Accord *Tinsley v. Beeler*, 134 Ga. App. 514 (1) (215 SE2d 280) (1975).

*Judgment affirmed in part and reversed in part. Deen, P. J., Birdsong, P. J., Carley, Sognier, Pope, and Beasley, JJ., concur. Banke, C. J., and McMurray, P. J., dissent.*

BANKE, Chief Judge, dissenting.

It is self-evident, to me at least, that the trial court could not have had a meritorious reason for setting aside the default judgment in the absence of a valid basis upon which to open the underlying default. To hold otherwise is to create a less stringent standard for setting aside a default judgment than for opening a default in a case where judgment has not yet been entered.

The trial court's discretion to open a default is limited by OCGA § 9-11-55 (b), which requires, among other things, that the defendant assert a meritorious defense to the claim "under oath." See *Global Assoc. v. Pan Am. Communications*, 163 Ga. App. 274, 275 (1) (b) (293 SE2d 481) (1982). The only defense to the appellant's breach of contract claim which was asserted under oath by the appellee in this case was that he (the appellee) had "never met Mr. Lord, who purportedly owns the [appellant] corporation, nor . . . talked with Mr. Lord in person or by telephone or through any agent whatever." Obviously, this does not foreclose the possibility that the parties entered into a valid contract, absent evidence that Mr. Lord was the only person authorized to enter into contracts on behalf of the appellant corporation. Contrary to the majority opinion, the appellee's motion to set aside alleged the pendency of only one other action against him to recover on the contract; and the record affirmatively establishes that this prior action was dismissed as to the appellee prior to the initiation of the present lawsuit. For these reasons, I would hold that the trial court erred in setting aside the default judgment and opening the default.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED MARCH 11, 1985 —
REHEARING DENIED MARCH 29, 1985 — ▆▆▆▆▆▆▆▆▆

*Howard P. Wallace, S. Phillip Brown*, for appellant.

*Larry H. Evans, Larry K. Evans*, for appellee.