70962. KENNEY v. DON-RA, INC. et al.
(343 SE2d 779)

BEASLEY, Judge.

Marion and Donald Kenney were divorced in 1982 and a jury trial was held in 1983 on the issue of the claim for equitable division of the marital property. During the marriage, a dry cleaning business was opened and in 1979 it was incorporated as Don-Ra, Inc.

Much of the evidence in the property division proceeding related to the history of that corporation insofar as the parties' involvement and financial interests were concerned. Stock certificates in the corporation had never been issued, but both Kenneys claimed ownership rights which were at odds. Marion Kenney also complained of some of the actions taken by Donald Kenney with respect to certain corporate assets.

The pretrial statement in that action stated that the property concerning which division was requested consisted of the home of the parties valued at approximately $120,000-$130,000; the sums held by Marion Kenney's attorney in the amount of approximately $47,000 from the sale of the real property previously owned by Mrs. Kenney's father; stock and investment accounts held at a brokerage in the amount of approximately $80,000; a division of the corporate assets of Don-Ra Corporation and another business which approximated $350,000-$375,000; and a certain sum of money held by Donald Kenney of approximately $62,000 received from his father. The pretrial statement also embraced Marion Kenney's contention that various amounts of money in the form of cash had been taken by Mr. Kenney from the business, previous to, inclusive of, and after their separation

and their divorce.

The court instructed the jury that it could apportion or divide the corporate stock or ownership interest in the dry cleaning business.

The jury verdict awarded the marital home solely to Marion Kenney, Don-Ra, Inc. and the other corporation solely to Donald Kenney, and the remaining investments and cash amount was divided equally between the parties. The final judgment awarded to Donald Kenney "[a]ll right, title, and interest, in and to the corporate stock of the Georgia Corporations, Don-Ra, Inc. . . ."

After Marion Kenney was unsuccessful in petitioning for a new trial, she filed an application for discretionary appeal to the Supreme Court of Georgia, which was denied in October 1983. In March 1984, Marion Kenney filed the present two-count verified complaint against Don-Ra, Inc. and her former husband individually and in his capacity as president of Don-Ra, Inc.

Count one of the complaint alleged that when the Kenneys established Don-Ra, Inc., they had agreed to be equal stockholders in the corporation; that because of a disagreement between the parties Donald Kenney refused to sign the stock certificates and issue one-half of the certificates to Marion Kenney; and that the failure to issue the stock to anyone including himself was in violation of the share subscription agreement between the parties and required in the by-laws of the corporation. She asked that Donald be required to show cause why he should not be required to issue to her one-half of the stock of the defendant corporation.

Count two of the complaint contended that Marion Kenney was a stockholder of Don-Ra, Inc. and that Donald Kenney as president never conducted the affairs of the corporation according to the corporation by-laws; had wrongfully, fraudulently, and illegally misappropriated assets of the corporation; had improperly paid dividends to himself and was thus enriched by the receipt of corporate funds to which he was not entitled; that he did not allow her to participate in any of the paid bonuses nor in any corporate activity; and that he made certain investments which were unauthorized and made with surplus funds of the corporation. She further alleged that she had made demand upon Donald Kenney as president to account for the dividends and proceeds of the sale of certain corporation-purchased real property and that he had refused to account for the whereabouts or disposition of such funds. She maintained that she had no adequate remedy at law and demanded that Donald Kenney be restrained and enjoined from continuing "the ultra vires use of corporate funds or done without corporate formality"; and that he be required to account to and pay over to the corporation certain monies which were of corporate funds.

Defendants filed an unverified answer and thereafter filed a mo-

tion for summary judgment on the ground that the matters contained in the instant suit were actually litigated between the parties in the previous divorce action, that the jury in that case returned a verdict contrary to Marion Kenney's contentions, and that the instant suit was nothing but an attempt by the plaintiff to relitigate the same issues. Additionally, defendants maintained that whether or not the issues were in fact litigated between the parties in the prior litigation, the issues should have been and could have been litigated, thus preventing the present "serial litigation."

The hearing on the motion included as the primary evidence the record in the divorce case, which was stipulated to by the parties. The court granted the summary judgment to defendants after concluding that "the judgment in the prior divorce action, . . . , is not res judicata as to this action because the issues raised here, were not and could not have been raised in an action to which Don-Ra, Inc. was not but could have been a party. However, the Court further finds that by virtue of the verdict and judgment in [the divorce suit], Plaintiff is no longer a shareholder in Don-Ra, Inc. and therefore has no standing to bring this suit. O.C.G.A. § 14-2-123 (b)."

1. Count 1 of the complaint focused on Donald Kenney and seeks relief only against him and not against the corporation. Summary judgment was authorized on this count if for no other reason than that it is too late for plaintiff to ask for the issuance of stock to her on the basis of transactions occurring prior to the entry of the judgment affirming the jury's verdict dividing the marital property. If she had believed she was entitled to the issuance of stock in her own name, she would have to have asserted that right as a part owner of the corporation. If she ever had a right to issuance of stock certificates to evidence what she claimed as part ownership in the corporation, it expired when the jury awarded complete ownership in her former husband. The parties had submitted the question of division of this asset to the jury as part of their divorce proceedings. Had Marion Kenney wanted first to have a legal determination of her right to a specific share of the corporation, such as would be shown by certificates in her name bearing the number of shares owned, before the jury made a division of the property, she would have to have asserted Count 1 in an action such as one for declaratory judgment.

However, by submitting to the jury the question of division of the corporation ownership in view of the parties' conflicting contentions as to their respective interests, the jury in the context of the divorce action had only to state how the property should be divided for the future, not expressly what the precise ownership interests of each party to the marriage had been in the property prior to their division. But obviously, the latter had to be determined first. The charge to the jury was, how should this property, including the corporation, be di-

vided, not in addition, who presently owns what percentage of the corporation. Although it appears from the jury's overall verdict that it considered both parties to have ownership interests in the corporation as well as in the house and investments and cash (since it awarded the house to her, the corporations to him, and equally divided the remainder), to reach such a result it would not necessarily have to find that she actually had a portion of ownership interest in the corporation or what portion she had. It could have concluded from the evidence that she had none. We will never know. The point is, the issue was submitted as an inherent part of the parties' request for division.

Marion Kenney claims to have been part owner of the corporation before the property verdict and judgment so that she is still part owner. If her tardy independent claim were now adjudicated, it would set at naught the jury's verdict and the judgment. And she has already sustained a denial of motion for new trial on that, as well as a denial of a writ of certiorari from the Supreme Court of Georgia.

By the very evidence she jointly presented to the court, she has no ownership interest in the corporation and thus as a matter of law is not entitled to its stock. The judgment of the divorce court is conclusive as to ownership. "Where a judgment has been rendered on the merits, the doctrine of *res judicata* may not be avoided merely by requesting different relief in a subsequent suit." *Caswell v. Caswell*, 162 Ga. App. 72, 73 (290 SE2d 171) (1982). The doctrine of res judicata may bar a cause of action even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added. *Medlin v. Carpenter*, 174 Ga. App. 50 (329 SE2d 159) (1985).

2. Count 2 of appellant's complaint is, by her own admission, a stockholder's derivative action against an officer, the president, of the corporation brought by authority of OCGA § 14-2-153.[1] Subsection (b) permits such actions to be brought by shareholders "in accordance with Code Section 14-2-123." This is the exclusive method, as OCGA § 14-5-10 provides: "All derivative actions shall be governed by Code Sections 14-2-123 and 14-2-153."

Section 123 permits actions to procure judgments in favor of corporations to be brought by shareholders when the proper representatives of the corporation fail to fulfill their duties to enforce the corporation's claim or cause of action. But only current shareholders may do so. Subsection (b). The Code specifically requires that the complaint "shall allege that the plaintiff is a shareholder of record or a

---

[1] A derivative claim may be joined in one suit with a direct claim. *Thomas v. Dickson*, 250 Ga. 772, 774 (301 SE2d 49) (1983).

member [of an association] at the time of bringing the action." Not only has plaintiff omitted doing so, she cannot. The record of the divorce action shows conclusively that total ownership of the corporation belonged to Donald James Kenney as of June 6, 1983. She does not allege that she thereafter became a shareholder.

Consequently, as correctly concluded by the trial court, appellant has no standing to bring Count 2. Otherwise she would be litigating the rights of the corporation as a mere gratuitous volunteer, a stranger to the corporation, who had no legal interest or stake in the outcome. If we permitted her to pursue Count 2 against the president, Donald Kenney, for actions he took prior to the judgment dividing the property, not only would it be contrary to the limited statutory authorization; it would, if ultimately successful, result in no recovery by her but only recovery by the corporation, which is solely owned by Donald Kenney. OCGA § 14-2-123 (a) provides for an action "in the right of the corporation to procure a judgment in *its* favor . . ." (Emphasis supplied.)

The judgment of the trial court is affirmed.

3. Appellee's motion for attorney fees "under Rule 26 (b)" is denied inasmuch as Rule 26 (b) does not provide for the award of attorney fees.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 21, 1986 —
REHEARING DENIED APRIL 2, 1986 —

*Ronald C. Harrison*, for appellant.
*Glenville Haldi*, for appellees.