## 73819. MOORE v . LAMAR.
(356 SE2d 742)

CARLEY, Judge.

Appellant-plaintiff initiated this tort action by filing a complaint in the State Court of Fulton County. Included among those who were named as defendants in the style of appellant's complaint was appellee-defendant "Milton Lamar, individually and d/b/a Lamar's Regal Room." In his answer, appellee raised the following as one of his defenses: "[Appellant] has currently pending in the State Court of Fulton County, Georgia, a complaint against *R. R. Lamar*, individually, and d/b/a Lamar's Regal Room, being Civil Action, File No. 891599. [Appellee] alleges that he is *not* the R. R. Lamar named in said complaint, but alleges that [appellant] has attempted to enforce a *judgment against said R. R. Lamar* against [appellee]. Accordingly, [appellant] must either dismiss Civil Action, File No. 891599 [against

R. R. Lamar], or this complaint should be dismissed against [appellee]." (Emphasis supplied.) Appellee subsequently filed a motion to dismiss this action against him. In his motion, appellee realleged the assertions of his answer, including the denial that he is R. R. Lamar. Appellee further alleged in his motion to dismiss this action that appellant's judgment against R. R. Lamar in Case Number 891599 was obtained by default. Contending that he was "in the vexatious position of defending against two separate complaints based on the identical cause of action," appellee requested that the trial court enter an order dismissing this action "or, in the alternative, that [appellant] be compelled . . . to elect which complaint she desires to prosecute, and to dismiss the complaint she has elected not to prosecute."

The trial court conducted a hearing on appellee's motion and entered an order which did not purport to make any finding whether appellee in this case is the R. R. Lamar whom appellant had named as a defendant in Case Number 891599. The trial court's order merely stated that appellant "shall have 30 days within which to elect whether to dismiss [appellee] Milton Lamar from this case, or whether to dismiss Civil Action, File No. 891599, *pending* in Fulton State Court." (Emphasis supplied.) The trial court certified this order for immediate review and this court granted appellant's application for an interlocutory appeal.

1. The only statutory authority for requiring that a plaintiff elect as between which of two pending actions he will prosecute is OCGA § 9-2-5 (a). That statute provides: "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." The record in this case contains a copy of the complaint that was filed by appellant in Case Number 891599. That complaint was apparently filed in 1983 and named "R. R. Lamar, individually and d/b/a Lamar's Regal Room" as one of the defendants therein. A review of the complaint in Case Number 891599 shows that it is "upon the same cause of action" as that stated by appellant against appellee herein. However, the allegations of neither appellee's answer nor his motion to dismiss are sufficient to invoke OCGA § 9-2-5 (a) as authority for the trial court's order that is presently under review. If Case Number 891599 has proceeded to a *judgment* on the merits as is alleged in appellee's answer and motion to dismiss, then that case is certainly no longer *pending* for prosecution in the trial court. If Case Number 891599 is not pending, whatever defenses appellee may otherwise have to prosecution of this action, such as the defense of res judicata, OCGA § 9-2-5 (a) is not among them.

2. Only if Case Number 891599 is currently pending in the trial court would OCGA § 9-2-5 (a) be an applicable defense in this case. The trial court's order presently under review does not articulate the basis for its conclusion that Case Number 891599 is in fact still "pending." However, even assuming that Case Number 891599 may merely be in default and is still pending in the trial court (see § 9-11-55), appellee's answer and motion to dismiss nevertheless fails to show the applicability of OCGA § 9-2-5 (a). Not only does OCGA § 9-2-5 (a) require two pending actions for the same cause of action, it also requires that both pending actions be "against the same party." See generally *P. H. L. Dev. Corp. v. Smith*, 174 Ga. App. 328, 329 (3) (329 SE2d 545) (1985). In his answer and motion, appellee denied that he is R. R. Lamar. If appellee is *not* R. R. Lamar, the provisions of OCGA § 9-2-5 (a) are not applicable to this case.

3. Only if appellee is R. R. Lamar would OCGA § 9-2-5 (a) be applicable. The trial court made no specific finding that such is the true state of affairs. However, even assuming that appellee and R. R. Lamar may be one and the same individual and that the trial court's order is an implicit finding to that effect, the judgment is nevertheless erroneous. Under OCGA § 9-2-5 (a), a plaintiff is given the election as between which of his two pending actions against a defendant he will prosecute only if his two actions have been "commenced simultaneously." Appellant initiated Case Number 891599 against R. R. Lamar in 1983. Accordingly, if appellee is R. R. Lamar and if Case Number 891599 is still pending, the trial court erred in failing to dismiss this case. See *Clark v. Weaver*, 159 Ga. App. 594 (284 SE2d 95) (1981).

4. As discussed above, appellee's answer and motion to dismiss failed to show the applicability of OCGA § 9-2-5 (a) with regard to the pendency of Case Number 891599 and the identity of parties. If Case Number 891599 is no longer pending *or* if appellee is not R. R. Lamar, then OCGA § 9-2-5 (a) is not applicable authority for the entry of any order whatsoever in this case. Even assuming that the trial court was otherwise authorized to find that OCGA § 9-2-5 (a) is applicable under the existing facts and further assuming that its order does represent a finding in that regard, the judgment entered as the result of any such finding would still be erroneous. On the record before us, a clear determination cannot be made as to whether the trial court erred in its threshold conclusion that OCGA § 9-2-5 (a) would be an applicable defense against appellant's prosecution of this action or whether it erred merely in the relief that it granted under that statute. Accordingly, although the order must be reversed in any event, we will not, as appellee suggests, direct the entry of a new order which dismisses this case pursuant to OCGA § 9-2-5 (a). Should appellee file a new motion to dismiss the allegations which show the applicability of OCGA § 9-2-5 (a), the losing party as to that motion

will be free to pursue whatever appeal rights may be available to such party at that time.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 23, 1987.

*J. Matthew Dwyer, Jr., John C. Yancey, Thomas C. Dempsey*, for appellant.

*William E. Gray III, Barry A. Karp*, for appellee.