A92A0798. McLAIN BUILDING MATERIALS, INC.
v. HICKS et al.
(423 SE2d 681)

COOPER, Judge.

Appellant appeals from the trial court's grant of appellees' motion to dismiss pursuant to OCGA § 9-2-5 (a) based on the existence of a prior pending action.

Appellees Mary Ann and Earnest Hicks, a married couple, were

---

building a home in Rockdale County. The real estate was in the name of Mrs. Hicks alone. Some of the building materials for the home were ordered from appellant. A disagreement arose between appellant and appellees concerning charges for certain custom-made materials which appellees contend they never ordered. As a result, appellant placed two liens on the Rockdale County home. Mrs. Hicks then instituted a multiple-count suit in the Superior Court of Rockdale County, seeking to quiet title to the Rockdale County property as well as alleging breach of contract, fraud and extortion. After being served in the Rockdale action but before answering, appellant filed the instant action against both Mr. and Mrs. Hicks for breach of contract, seeking recovery of monies owed for the disputed custom-ordered materials ($19,858.60) in the State Court of Fulton County, the county in which appellees resided at the time. Appellant then answered in the Rockdale action and asserted its claim for $19,858.60 again, this time as a counterclaim against Mrs. Hicks only. Appellees filed a motion to dismiss the Fulton action based on the pendency of the earlier-filed Rockdale action. After a hearing, the Fulton trial court dismissed the Fulton action with respect to both Mr. and Mrs. Hicks, without distinguishing between the two. In its six enumerations of error, appellant contends the trial court erred in dismissing its Fulton County complaint.

1. Appellant first argues that dismissal was erroneous under OCGA § 9-2-5 (a) because the parties to the two actions are not identical. "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party . . . If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." OCGA § 9-2-5 (a). "[T]he statute requires an identity of parties before the defense of prior pending action is viable. . . ." *P. H. L. Dev. Corp. v. Smith*, 174 Ga. App. 328, 330 (3) (329 SE2d 545) (1985). Mr. Hicks, a party in the Fulton action, is not a party in the Rockdale action. Accordingly, OCGA § 9-2-5 (a) does not support dismissal of the Fulton action against him. Appellees suggest dismissal with respect to Mr. Hicks nonetheless should be affirmed because appellant could and should have made Mr. Hicks a party to the Rockdale action by joining him as a defendant in its counterclaim. They contend the Rockdale court could acquire jurisdiction over Mr. Hicks because he now lives in Rockdale County, even though he did not when the Rockdale action was filed; or, in the alternative, because Mr. and Mrs. Hicks are joint obligors, citing Ga. Const. 1983, Art. VI, Sec. II, Par. IV. This contention is without merit. "[F]or purposes of venue and other jurisdictional questions, a person's residence at the time of filing of suit is the determining factor." *Franek v. Ray*, 239 Ga. 282, 285 (236 SE2d 629) (1977); see also *Edwards v. Edmondson*, 173 Ga. App.

353, 354 (326 SE2d 550) (1985). In addition, Ga. Const. 1983, Art. VI, Sec. II, Par. IV provides: "Suits against joint obligors . . . residing in different counties may be tried in either county." Because neither Mr. nor Mrs. Hicks resided in Rockdale County at the time the Rockdale action was filed, appellant could not have brought Mr. Hicks into the Rockdale action as a counterclaim defendant.

With respect to Mrs. Hicks, who *is* a party to both suits, dismissal was not erroneous simply because all other parties to the two suits are not identical. Appellant additionally contends, however, that OCGA § 9-2-5 (a) does not support dismissal of the Fulton action against Mrs. Hicks because appellant is defendant in the Rockdale action but plaintiff in the Fulton action, citing *Tinsley v. Beeler*, 134 Ga. App. 514, 516 (1) (215 SE2d 280) (1975) for the proposition that the parties' status in the two suits must also be identical. The parties' status must be viewed in relation to the duplicative cause of action, however, and appellant is plaintiff with respect to its counterclaim in the Rockdale action as well as its claim in the Fulton action. Thus, the required identity of status is present.

2. Appellant further argues that, because it actually filed its complaint in the Fulton action before it filed its answer and counterclaim in the Rockdale action, the counterclaim in the Rockdale action cannot constitute a prior pending action requiring dismissal of the Fulton action under OCGA § 9-2-5 (a). Appellant's claim arose out of the same dispute underlying Mrs. Hicks' claims in the Rockdale action, however, and does not require for its adjudication the presence of third parties over whom the Rockdale court cannot acquire adjudication.[1] Appellant's claim was thus a compulsory counterclaim in the Rockdale action pursuant to OCGA § 9-11-13 (a), and appellant could not avoid OCGA § 9-2-5 (a)'s prohibition of duplicative suits by filing its claim as a separate action in its preferred forum after service but before filing its answer and counterclaim. For purposes of OCGA § 9-2-5 (a), we treat the compulsory counterclaim as if it were filed at the time the action was filed. This is a logical corollary to the portion of the compulsory counterclaim rule providing that a claim that would otherwise be a compulsory counterclaim in a particular action need not be pled and litigated in that action if the claim was the subject of another action *pending at the time that action was commenced.* See OCGA § 9-11-13 (a). Accordingly, the counterclaim in the Rockdale

---

[1] Mr. Hicks, a third party over whom the Rockdale court cannot acquire jurisdiction as discussed in Division 1, is not required for adjudication of appellant's claim because Mr. and Mrs. Hicks are allegedly "jointly and severally" liable, and thus can be sued either individually or as a unit. See *Floyd Davis Sales, Inc. v. Central Mtg. Corp.*, 197 Ga. App. 532 (398 SE2d 820) (1990) (joint obligors are not indispensable parties without whom adjudication cannot proceed if they are jointly and severally liable).

suit was a prior pending action under OCGA § 9-2-5 (a) and dismissal as to Mrs. Hicks was properly granted.

*Judgment affirmed in part and reversed in part. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 15, 1992 —
RECONSIDERATION DENIED OCTOBER 9, 1992.

*Gurley & Associates, James B. Gurley,* for appellant.
*Hardwick & Associates, Clifford H. Hardwick,* for appellees.