## A94A1002. McLAIN BUILDING MATERIALS, INC. v. HICKS.
(449 SE2d 369)

POPE, Chief Judge.

This is the third appearance in this court of a dispute arising out of Mr. and Mrs. Hicks' purchase of building supplies from McLain Building Materials, Inc. We granted McLain's application for discretionary appeal from the trial court's grant of attorney fees for Mrs. Hicks, and now reverse.

Mrs. Hicks first sued McLain in Rockdale County, alleging that McLain had fraudulently filed liens against her property and made fraudulent misrepresentations on her bills. (The property was in Mrs. Hicks' name only.) McLain then filed a breach of contract action in Fulton County against both Mr. and Mrs. Hicks, and also filed a counterclaim for breach of contract in the Rockdale suit. In *McLain Bldg. Materials v. Hicks*, 205 Ga. App. 767 (1, 2) (423 SE2d 681) (1992) ("*McLain I*"), we held that McLain's breach of contract claim against Mrs. Hicks was a compulsory counterclaim which had to be pursued in the Rockdale action, and thus could not be prosecuted in the Fulton suit at the same time. See OCGA § 9-2-5 (a). McLain's breach of contract claim against Mr. Hicks only was allowed to proceed in Fulton County, however. See *McLain I*, 205 Ga. App. at 768-769.

The trial court in Rockdale then granted summary judgment for McLain on Mrs. Hicks' fraud claims, and Mrs. Hicks appealed. We affirmed in *Hicks v. McLain's Bldg. Materials*, 209 Ga. App. 191 (433 SE2d 114) (1993). In the meantime, however, McLain voluntarily dis-

missed its counterclaim in the Rockdale suit and moved to add Mrs. Hicks in the still pending Fulton action. This motion was denied. Mrs. Hicks moved for attorney fees pursuant to OCGA § 9-15-14, alleging that McLain's motion to add her was not only frivolous but in "direct defiance" of *McLain I*. The trial court granted Mrs. Hicks' motion for attorney fees without findings or explanation.

1. We first note that since the trial court's order did not include findings of conduct authorizing an award under OCGA § 9-15-14, the order must at least be vacated. See *Porter v. Felker*, 261 Ga. 421 (3) (405 SE2d 31) (1991). In the interest of judicial economy, however, we proceed to address the question of whether attorney fees should have been awarded.

2. McLain argues that its motion to add Mrs. Hicks was not frivolous and thus that the award of attorney fees under OCGA § 9-15-14 was not warranted. We agree. Contrary to Mrs. Hicks' assertion, we did not hold in *McLain I* that she could never be a party to the Fulton action; we merely held that McLain could not prosecute its action against her in Fulton while the Rockdale suit was being prosecuted. See OCGA § 9-2-5 (a). Nor did we hold, as Mrs. Hicks contends, that joint obligors who are jointly and severally liable are not "necessary" parties to be joined if feasible; instead we held that they are not "indispensable" parties without whom the action cannot proceed if joinder is not feasible. See OCGA § 9-11-19.

A party may not prosecute the same cause of action against the same party in two courts at the same time. OCGA § 9-2-5 (a). At the time McLain moved to add Mrs. Hicks in Fulton, the trial court's action in Rockdale had terminated with the grant of summary judgment for McLain, but Mrs. Hicks had appealed. The determinative question, then, is whether the Rockdale action was still being "prosecuted" for purposes of OCGA § 9-2-5 (a) after summary judgment was entered but while the appeal was pending.[1] If so, McLain still could not prosecute its action against Mrs. Hicks in Fulton; if not, joinder of Mrs. Hicks would have been proper. Neither party cites law on the answer to this question, and it has evidently not been clearly answered. And because McLain did not appeal the denial of its motion to add Mrs. Hicks, we need not answer it here. But in light of this uncertainty, McLain's motion to add Mrs. Hicks was not frivolous and Mrs. Hicks' motion for attorney fees should have been de-

---

[1] McLain suggests it should not matter if the Rockdale case was still being "prosecuted" while on appeal because McLain had voluntarily dismissed its breach of contract counterclaim in Rockdale. As we explained in *McLain I*, however, a compulsory counterclaim is considered a part of the main action for purposes of OCGA § 9-2-5 (a) and is deemed to be "prosecuted" as soon as and as long as the main action is prosecuted, even if it has not been filed or has been dismissed.

nied.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 20, 1994.

*James B. Gurley,* for appellant.
*Clifford H. Hardwick,* for appellee.