A96A1024. MILLER v. STEELMASTER MATERIAL HANDLING CORPORATION.
(478 SE2d 601)

BEASLEY, Chief Judge.

Miller appeals the grant of partial summary judgment to Steelmaster and the denial of her motion for partial summary judgment. See OCGA §§ 5-6-34 (d), 9-11-56 (h).

Appellant Fyllis Miller was married to Myron Miller. They each held 50 percent of the stock in Steelmaster, of which Myron Miller was president and Fyllis Miller secretary/treasurer. As individuals, they were also joint owners of a warehouse which Steelmaster rented. The couple divorced on far from amicable terms, and property division was tried in Cobb County Superior Court without a jury. Myron Miller received all stock in Steelmaster, and Fyllis Miller was given complete ownership of the warehouse.

This action began on June 17, 1993, when Fyllis Miller sued Steelmaster in Cherokee County for unpaid rent on the warehouse. On June 22, 1993, in Cobb Superior Court, she also filed a contempt action alleging that Myron Miller had not made rent payments on the warehouse, contending he was required to do so by the divorce

decree's statement that he be responsible for all of Steelmaster's outstanding debts. On June 28, Steelmaster answered the suit filed in Cherokee County, contending there was no written lease agreement and asserting it had already paid all that was owed. It also counterclaimed for $8,500, contending Fyllis Miller improperly took a $17,572.77 corporate money market account during the divorce and used $8,500 to pay her divorce attorneys, returning the majority of the remainder to the corporation.

During this period, Steelmaster vacated the warehouse. On July 12, 1993, Fyllis Miller amended her contempt application in Cobb Superior Court to include a claim that Myron Miller was responsible for damage to the warehouse that occurred when Steelmaster vacated it. In May 1994, Fyllis Miller amended her complaint against Steelmaster, adding a claim for damages caused to the warehouse during Steelmaster's departure from it. She voluntarily dismissed the warehouse damage claim from her contempt action against Myron Miller the next month.

Steelmaster then filed a motion for summary judgment, or alternatively partial summary judgment, contending the inclusion of the now-dismissed warehouse damage claim in the Cobb County contempt action against Myron Miller barred any claim for warehouse damage from being included in the Cherokee County suit against Steelmaster. The motion also asked for summary judgment on the claim for unpaid rents. Fyllis Miller, too, filed a motion for partial summary judgment. She asserted that Steelmaster's counterclaim for $8,500 was barred by res judicata and collateral estoppel. The court granted Steelmaster summary judgment as to the claims for unpaid rent and warehouse damage and denied Fyllis Miller's motion.

1. In her first enumeration, Miller contends the court erred in determining that her claim against Steelmaster for damage to the warehouse was barred by OCGA § 9-2-5 (a) because of the inclusion of the similar claim against Myron Miller in the contempt action. "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action *and against the same party.* . . . If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." (Emphasis supplied.) OCGA § 9-2-5 (a). By its plain language, the statute applies only when the two suits are against the same party. See *Moore v. Lamar*, 182 Ga. App. 708 (356 SE2d 742) (1987); *Hardee v. Allied Steel Buildings*, 182 Ga. App. 587, 589 (2) (356 SE2d 682) (1987); *Tinsley v. Beeler*, 134 Ga. App. 514, 516 (1) (215 SE2d 280) (1975).

In her amended application for a contempt citation, Fyllis Miller sought to recover from Myron Miller for damages to the warehouse. Steelmaster was not a party to that suit and any judgment gained

against Myron Miller would not be enforceable against Steelmaster. The fact that Fyllis Miller considers Steelmaster and Myron Miller to be "one and the same" does not alter this fact; they remain separate entities. See *Anderson Oil Co. v. Benton Oil Co.*, 246 Ga. 304, 306, n. 6 (271 SE2d 207) (1980). She was not prosecuting "two actions . . . for the same cause of action and against the same party," and OCGA § 9-2-5 (a) does not bar the inclusion of the warehouse damage claim against Steelmaster. Although OCGA § 9-2-5 (a) does not apply because these are different parties, the defense would not be available in any case because the claim was no longer pending in Cobb County when Steelmaster asserted its pendency defense. See *Griffin v. Griffin*, 248 Ga. 743 (285 SE2d 710) (1982); *Bouldin v. Aragona-Garcia Enterprises*, 161 Ga. App. 396, 397 (1) (288 SE2d 673) (1982); *Swanson v. Holloway*, 128 Ga. App. 453 (197 SE2d 150) (1973).

2. The trial court granted Steelmaster summary judgment on Miller's claim for past rent because she did not submit an admissible copy of a signed lease so as to satisfy the "Best Evidence Rule." Her affidavit made in response to Steelmaster's motion stated that a lease agreement was prepared and she and Myron Miller executed it as owners of the warehouse, and that Myron Miller also executed it as president of Steelmaster. She attached an unsigned copy of a lease agreement, which she swore was a copy of the signed original. The only signed copy, she testified, was placed in a safe deposit box she held jointly with Myron Miller, the contents of which he removed when he filed for divorce. She also points out that the divorce decree states, as a finding of fact, "Steelmaster Material Handling Corporation leases this building and land from [Fyllis and Myron Miller] on a monthly basis pursuant to a written lease agreement." It does not appear that Myron Miller ever objected to this finding.

"In order to admit secondary evidence, it shall appear that the primary evidence for some sufficient cause is not accessible to the diligence of the party. This showing shall be made to the court, who shall hear the party himself on the question of diligence and the inaccessibility of the primary evidence." OCGA § 24-5-2. "If a paper shall have been lost or destroyed, proof of the fact to the court shall admit secondary evidence. The question of diligence is one for the sound discretion of the court." OCGA § 24-5-21.

Myron Miller swore he never executed any lease agreement, but this appeal is from a motion for summary judgment and the evidence is viewed most favorably toward nonmovant Fyllis Miller. *Garmon v. Warehouse Groceries &c.*, 207 Ga. App. 89, 91 (1) (427 SE2d 308) (1993). She produced evidence that an original written lease existed and explained its absence. See *Mulkey v. State*, 155 Ga. App. 304, 306 (270 SE2d 816) (1980). She also submitted secondary evidence of the document's contents. This is sufficient to establish a factual issue as

to existence and content. Credibility is reserved to a factfinder.

Although the court did not specifically rule on her diligence to secure the original of the lease, see OCGA § 24-5-21, no such ruling is necessary. She avers it is in the hands of her former husband, the president of the opposing party, but he avers it never existed. Any efforts to secure the original would be futile.

3. Miller's final enumeration concerns the trial court's denial of her motion for summary judgment on Steelmaster's counterclaim for $8,500, which she admits was part of the money market account she took for living and litigation expenses. She contends the claim is barred by either res judicata or collateral estoppel. OCGA § 9-12-40 codifies the doctrine of res judicata: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." See *McIver v. Jones*, 209 Ga. App. 670, 672 (434 SE2d 504) (1993). "In deciding whether OCGA § 9-12-40 operates to bar a claim, we must consider: '(a) whether there is a valid antecedent judgment; (b) whether there is identity of parties; (c) whether there is identity of issues; and (d) whether reasons of public policy militate against a strict application of the above statute in this case.' [Cit.]" *Miller v. Charles*, 211 Ga. App. 386, 387 (439 SE2d 88) (1993).

"The doctrine of collateral estoppel, also known as estoppel by judgment, is similar, but not identical. 'Generally, res judicata bars relitigation of any matter of a cause of action that was, or could have been, put in issue and adjudicated in a prior proceeding between the same parties, while estoppel by judgment prevents relitigation in a subsequent suit (involving a different cause of action) a matter which was actually adjudicated in a former case. (Cits.) Neither defense, however, is available unless the subsequent suit is between the same parties or their privies. (Cits.)' [Cit.]" Id.

Although Myron Miller and Steelmaster are separate entities, " ' "[p]rivity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. . . ." (Cit.)' [Cit.]" *McIver*, supra at 672 (a). Myron Miller is now the sole shareholder of Steelmaster. Before the divorce decree's division of property he was a 50 percent shareholder in the corporation which was a major marital asset. He and Fyllis Miller agreed on a method to determine the amount of their respective financial interests in Steelmaster in the event of divorce. His interest in raising and pursuing a claim that Fyllis Miller had improperly removed $8,500 in corporate assets was identical to Steelmaster's interest, and for purposes of res judicata and collateral estoppel he and Steelmaster are privies.

Steelmaster contends Fyllis Miller has not shown conclusively that the issue of the $8,500 from the money market was actually litigated in the divorce proceeding, as she has not shown her wrongful taking was a matter specifically presented to the court. Whether it was "actually adjudicated" is an issue only under collateral estoppel. *Miller*, supra. Second, Miller presented a portion of the transcript of the divorce trial showing the testimony of an accountant who made a valuation of the corporation pursuant to the agreement and other methods. This witness testified he accounted for the money market funds by assigning them back to the corporation as income to arrive at a valuation of the corporation. In making the equitable division of property, the divorce court gave all the value of the corporation to Myron Miller.

In *Kenney v. Don-Ra, Inc.*, 178 Ga. App. 492 (343 SE2d 779) (1986), a trial court was required to determine whether a determination of ownership in a corporation was barred by a prior divorce decree. Here, as there, the divorce court was presented with "the question of division of the corporation ownership in view of the parties' conflicting contentions as to their respective interests, the [court] in the context of the divorce action had only to state how the property should be divided for the future, not expressly what the precise ownership interests of each party to the marriage had been in the property prior to their division. But obviously, the latter had to be determined first." Id. at 494.

Kenney presented the pretrial statement from the divorce action that showed a claimed interest in the corporation, id. at 492, which clearly established the parties had "conflicting contentions as to their respective interests." Id. at 494 (1). Although Miller did not do likewise, the witness's reference to the money market account as "taken" shows the contention Steelmaster now makes "necessarily had to be decided in order for the previous judgment to have been rendered." (Footnote omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867 (2) (463 SE2d 5) (1995). "The point is, the issue was submitted as an inherent part of the parties' request for division." *Kenney*, supra at 495.

Even if Miller's showing that the matter was previously adjudicated was not sufficient to establish collateral estoppel, res judicata applies. Steelmaster argues it does not apply because the causes of action were not identical, in that the prior judgment occurred in a divorce action and this is a counterclaim on behalf of the corporation for breach of a corporate officer's duty under OCGA § 14-2-830 (this Code section is not cited in Steelmaster's counterclaim). Had Myron Miller (Steelmaster's privy) wished to assert in the divorce action that Fyllis Miller's removal of the funds from the corporate money market account was something more than one party holding marital

property that was subject to equitable division, he could have done so. It was a matter that "could have been put in issue, and adjudicated in a prior proceeding between the same parties." (Punctuation omitted.) *Miller*, supra.

The fact that this is not the divorce action is not a bar to asserting res judicata. Rather, the fact that this is a different proceeding shows the basic point. Myron Miller and Steelmaster have identical interests as to these funds; that interest cannot be ignored in the first action and asserted in the later one. Nor does Fyllis Miller's failure to produce pleadings or further evidence from the divorce action bar her motion for summary judgment. "The entire record of the prior proceeding need not be introduced in support of a res judicata defense. [Cit.]" *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565, 566 (4) (458 SE2d 826) (1995).

*Judgment reversed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 24, 1996 —
RECONSIDERATION DENIED NOVEMBER 14, 1996 — 

*Kidd & Vaughan, Gwenn D. Holland, Jeffrey B. Kent*, for appellant.

*F. Clay Bush*, for appellee.